BOOTH v. THE LANGLEY MFG. CO.

1. PRACTICE—JURIES.—A trial Judge may permit a case withdrawn from the jury in proper cases.
2. PLEADINGS—AMENDMENTS—CAUSE OF ACTION—JURY TRIALS.— During trial a complaint alleging injury by a spinning frame at which plaintiff was working, may be amended so as to allege that plaintiff was injured by another spinning frame at which another was working so as to conform to the facts proved, and such amendment does not state a new cause of action. *Cases considered.*
3. NONSUIT—PRACTICE.—It seems that a trial Judge has the power to grant a nonsuit, with leave to move to set it aside *during the term.*

Before TOWNSEND, J., Aiken, April, 1897.    Reversed.

Action by Lilly Booth against the Langley Manufacturing Co. Judgment of nonsuit occasioned by refusal of Judge to permit complaint to be amended during trial. Plaintiff appeals on following exceptions:

I. Because it appears from the evidence that in the course of the work allotted to the plaintiff to perform, the threads were accustomed to get broken, and when such was the case the plaintiff was compelled, in the discharge of her

work, to go and get help to assist her to put up her threads, and in so doing it was necessary for her to pass by the spinning frames which injured her hand. That, under such circumstances, it was proper and legal to bring out the testimony to show the condition of the frames which injured the plaintiff, and if necessary then amend the complaint so as to conform the same to the facts as proven; and it was, therefore, error in the presiding Judge in ruling out the testimony on such point offered by the plaintiff, and he also erred in not allowing the complaint to be amended so as to conform to the facts proven.

II. That the cause of action sued upon was the injury to the plaintiff's hand. That said cause of action was the same, whether such injuries were occasioned by a defective spinning frame assigned to the plaintiff to work upon or by a defective spinning frame elsewhere near which she was compelled to pass in the performance of her work. That under the law the Circuit Judge had the authority to allow such amendment as may have been necessary to designate the exact spinning frame which caused the injury to the plaintiff, and it was, therefore, error in the Circuit Judge in ruling that he had not the power, under the authorities, to allow such amendment.

III. That the cause of action sued upon was the injuries to the plaintiff's hand. That said cause of action was the same whether such injuries were occasioned by a defective spinning frame allotted to the plaintiff to work upon or a defective spinning frame elsewhere in the mill by which she was compelled to pass in the performance of her work; and if such injuries were inflicted by a different spinning frame from the one alleged in the complaint, then to amend such allegation in the complaint so as to state truly the exact spinning frame which inflicted the injuries to the plaintiff, did not change the cause of action or make an entirely new case, as ruled by the Circuit Judge, for the cause of action would still remain the same, and his Honor erred in not so ruling.

IV. That the motion to amend the complaint, as asked for by the plaintiff, did not change the cause of action. It was also a motion which was called for in the interest of justice, and this denial tends to defeat a just claim and the enforcement of substantial justice, and hence the Circuit Judge erred in refusing to allow such amendment.

V. Because it appears from the evidence that the injury to the plaintiff's hand, which was the cause of her action, was occasioned by a defective spinning frame in use in the defendant's cotton mill. It further appeared that the plaintiff was an infant, only nine years of age, and had, by reason of her tender years and inexperience, given wrong information to her attorney as to which spinning frame had injured her hand, and that under such circumstances, and in the interest of justice, the Circuit Judge, in law, had full power to permit the plaintiff to withdraw the case at the stage of the trial, when such request was made; and his Honor, therefore, erred in ruling that he had no such power, and he also erred in not allowing the case to be then withdrawn from the jury.

VI. Because, under the circumstances of this case, it was proper and in accordance with the rules of practice, to have granted the nonsuit on the plaintiff's motion, with leave reserved to the plaintiff to move to set such motion aside.

*Mr. G. W. Croft*, for appellant, cites: *Proper to amend complaint to conform to facts proven:* Code, 191, 192; 3 S. C., 410; 12 S. C., 173; 33 S. C., 576. *Proposed amendment would not make a new case:* Code, 194, 197; 3 S. C., 410; 9 S. C., 333; 16 S. C., 232; 26 S. C., 415; 19 S. C., 579. *Case could be withdrawn from jury:* 15 Wend., 371; 8 Cow., 127; 2 John cases, 301. *Nonsuit, with leave to move to set it aside, proper:* 9 S. C., 333; 26 S. C., 415.

*Messrs. Henderson Bros.*, contra., cite: *The specific negligence alleged only can be proved:* 45 S. C., 278; 47 S. C., 30; 35 Am. Rep., 277. *Amendment changing case not*

*proper during trial:* 35 S. C., 364; 30 S. C., 574; 31 S. C., 204; 21 S. C., 221, 226; 49 S. C., 513; 50 S. C., 398, 465.

March 1, 1898.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER.   The plaintiff, a little girl about nine years of age, brought this action to recover damages for certain injuries sustained by her, while employed as an operative in the cotton factory of defendant company, occasioned by the alleged negligence of said company.   In her complaint, she alleges that, while employed as an operative upon certain spinning frames, she sustained the damages complained of, by reason of the fact that defendant had negligently provided for her use spinning frames without caps or other suitable appliances to cover the gearing thereof, by reason whereof her hand was caught in the gearing and injured in the manner stated in the complaint. It having appeared in the evidence that the plaintiff was not injured by the gearing of the frames at which she was put to work, but by the gearing of frames some nine or ten feet distant, at which another operative, Mary Green, was working, which she had to pass by in going to get assistance in taking up broken threads on her own frames; when she offered testimony tending to show that the frames at which Mary Green was working were supplied with defective gearing, such testimony was objected to, upon the ground that the defendant was called upon to answer for the defective gearing of the frames at which the plaintiff was put to work, and not for the defective gearing of the frames at which Mary Green was working.   The objection was sustained, and counsel for plaintiff asked leave to amend his complaint, which was refused, upon the ground that "the amendment asked for would present an entirely new case."   The Court adding: "I would like to allow the amendment if I was authorized, but I am not, under the authorities."   The counsel for plaintiff then asked leave to withdraw the case from the jury, stating that he had been misled by the statement of the little girl, upon which he

drew the complaint. This motion was likewise refused, upon the ground that there was no authority for it. Thereupon the counsel for plaintiff moved for a nonsuit, with leave to move the Circuit Judge to set it aside. After some colloquy between the Court and the counsel on both sides, the Circuit Judge said: "I never heard of such a practice. I don't know of any such motion." Counsel for plaintiff then said: "If I can't get it in the shape I want it, I'll withdraw the motion." No further testimony being offered, counsel for defendant moved for and obtained an order of nonsuit.

The plaintiff appeals upon the several grounds set out in the record, which should be incorporated in the report of this case. We propose to consider first the question presented by the fifth exception, which involves the inquiry whether the Circuit Judge had the authority, in his discretion, to allow the plaintiff to withdraw her case from the jury, when her counsel discovered, in the progress of the testimony, that he had made a mistake in alleging in the complaint that the injury complained of was done at the spinning frames where the plaintiff was put to work, whereas the testimony showed that such injury was done at the spinning frames where another operative, Mary Green, was working, his motion to amend so as to make the *allegata* correspond with the *probata*, having been refused. It will be observed that the point made is *not* that the Circuit Judge erred in refusing the motion, *in the exercise of his discretion*—but that he erred in holding that he had "*no authority*" to grant such a motion. So that if he did have such authority, then he committed *error of law* in his ruling, and not a mere error in exercising his discretion. That the Circuit Judge did have the power to grant such a motion, is conclusively shown by the case of *Wilson* v. *Dean*, 21 S. C., 327, supported by the case of *Cook* v. *Cottrell*, 4 Strob., 61, which was an action of debt on a foreign judgment, and, in the progress of the trial, it was discovered that there was a defect in the judge's certificate

authenticating the record, whereupon the plaintiff moved for a continuance of the case, in order that the certificate might be amended, which motion was granted, notwithstanding the fact that the defendant insisted upon his right to a nonsuit. On appeal, the Court held that the matter was for the discretion of the Circuit Judge, saying, amongst other things, that "Without a discretion over the whole subject, to be carefully exercised by the Court, trials might be made the means of defeating justice instead of dispensing, and the Court itself become an instrument to entrap the unwary," &c. The fifth exception must, therefore, be sustained.

We proceed next to consider the question, raised by other exceptions, as to whether the Circuit Judge erred in refusing the motion to amend. Here, again, it will be observed that the error imputed is not in the exercise of his discretion by the Circuit Judge, but in ruling that he had no power to allow the amendment. Indeed, the language used by the Circuit Judge plainly shows that if he had considered that he had the power, he would have allowed the amendment; for he said: "I would like to allow the amendment, if I was authorized, but I am not, under the authorities." So that the only question is, did the Circuit Judge have the power to grant the amendment during the progress of the trial? He seems to have supposed that the amendment would substantially change the claim of plaintiff, or, to use his own language, would make "an entirely new case and a new answer." If that were so, then he would have been right, as he could not, during the progress of the trial, grant an amendment which would substantially change the plaintiff's claim. But is that so? The plaintiff's claim was for injuries sustained by reason of the negligence of the defendant company in not providing reasonably safe and suitable machinery and appliances for its operatives to do the work for which they were employed. It does not seem to us that the amendment asked for would make any substantial change in this claim. It

27—51

is true, that there would be a change in the particular spot at which the injuries complained of were sustained; but that would be a mere incident—a more particular specification of where the injuries were sustained—and would effect no substantial change in the plaintiff's claim; her cause of action would be the same as it was before—the alleged negligence of the defendant company, resulting in injury to the plaintiff. There would be no change in the nature or kind of the negligence relied on, but merely a more particular specification as to the place where such negligence occurred. In *Sibley* v. *Young*, 26 S. C., 415, the action was brought to recover the amount specified in certain notes, which were alleged in the complaint to be promissory notes; but when they were offered in evidence, they proved to be notes under seal. Plaintiffs moved to amend the complaint "by declaring upon the open account which was secured by the notes." The motion was refused by the Circuit Judge, "upon the ground that such an amendment would entirely change the cause of action." Upon appeal, this Court held that the Circuit Judge committed error of law in refusing the motion to amend, saying, in substance, that the plaintiffs' claim was to recover the money which they had advanced to the defendants, and the fact that the plaintiffs had alleged in their complaint that such claim was evidenced by promissory notes did not preclude them from making other allegations in support of the same claim. See, also, *Ahrens* v. *State Bank*, 3 S. C., 401, and *Chichester* v. *Hastie*, 9 S. C., 330.

In *Clayton* v. *Mitchell*, 31 S. C., 204, cited by counsel for respondent, the action was for the recovery of real estate, to which the only answer set up was a general denial, and it was held that the Circuit Judge erred in recommitting the report of the master, to whom it was referred to hear and determine all the issues, for the purpose of enabling the defendant to set up two additional affirmative defenses— the plea of *res judicata* and the statute of limitations. These amendments clearly changed, not only substantially

but radically, the defenses originally set up, and were, therefore, properly disallowed at the hearing. So, also, *Cuthbert* v. *Brown*, 49 S. C., 513, likewise cited by counsel for respondent, was a case in which defendant sought by amendment, during the trial, to change entirely her defense, by withdrawing an admission of a material allegation of the complaint, and substituting therefor a denial of the same; and also by setting up an agreement of which no mention had been made in the pleadings as originally framed. In *Skinner* v. *Hodge*, 24 S. C., 165, which was an action for the recovery of real estate, the Circuit Judge, at the trial, allowed plaintiffs to amend by converting the action into an action to redeem the mortgaged premises, which, of course, was held to be error, as there was an entire change of plaintiff's claim at the trial. In *Whaley* v. *Stevens*, 21 S. C., 221, the proposed amendment which was disallowed was to convert an action for the obstruction of a right of way *in gross*, into an action for the obstruction of a right of way *appurtenant*—two very different and distinct rights—and it was held that such an amendment could not be allowed, as the claim would thereby be substantially changed. So in *Kennerty* v. *Etiwan Co.*, 21 S. C., 226, the proposed amendment was to convert an action for the reformation of a written instrument into an action for the cancellation of the same, which was disallowed, because it entirely changed the claim of the plaintiff. Of course, where the Circuit Judge is satisfied that the amendment applied for during the trial, if allowed, would operate as a surprise to the adverse party, he not only could but should allow time to answer the pleading as amended, if time be asked for.

The only remaining question is that presented by the sixth exception, which, however, under the view we have taken, becomes immaterial, and, therefore, need not be considered or decided. We may add, however, that if, as is held in the cases of *Chichester* v. *Hastie* and *Sibley* v. *Young*, *supra*, the Circuit Judge has the

power to set aside a nonsuit previously granted by him, during the same term at which was granted, it would seem that he would also have the power to grant a nonsuit, with leave to move to set it aside *during the term.*

The judgment of this Court is that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.