8352

### HEWLETT v. SOUTH BOUND R. R. CO.

AMENDING PLEADINGS.—A Circuit Judge during trial may permit a complaint amended by inserting words changing the cause of action, if he withdraw the case from the jury, if the amendment take defendant by surprise, and permit defendant to answer.

Before RICE, J., Barnwell, May, 1912.   Affirmed.

Action by J. H. Hewlett against South Bound Railroad Company and Seaboard Air Line Railway. So much of the complaint as is relevant here is:

Second. "That heretofore, to wit, on the 17th day of November, one thousand nine hundred and nine, this plaintiff, being at that time engaged in the shipment of cotton seed for planting purposes to Torreon, Gomez, Palacio, La Joya and La Loma, Mexico, having two carloads ready for shipment, tendered to said defendant company a car of said seed for shipment to Torreon, Mexico, and demanded from said defendant that it give him a bill of lading for said shipment, and at the same time informed the defendant that he was under contract to make prompt shipment of these seed and that time was of the essence of his contract, that samples of these seed had been forwarded to Mexico and the seed were sold, and that plaintiff's business would be ruined unless he could get the seed forwarded to fill his contract, but said defendant company wilfully, wantonly, and maliciously, failed and refused to furnish him with the bill of lading required, and held the said car at the station of Ulmer for three weeks, giving as its reason for said action that it did not have a rate to said point of Torreon; or to either of the above named points in Mexico, and could not get the rate, well knowing at the time that said statement was false and untrue.

Third. "This plaintiff further alleges that after the expiration of said three weeks, and when said defendant announced

that it had the rates to said Mexican points described, it still wilfully, wantonly and with utter disregard of all rights of this plaintiff, and in violation of the laws of this State, refused to forward said shipment of seed unless this plaintiff would first pay it the sum of twenty-one dollars, being one dollar per day for each day said car remained at the station of Ulmer awaiting forwarding, well knowing that said charge was illegal, fraudulent and discriminatory.

Fourth. "Realizing the vital importance of getting said seed forward to destination, all of which had been communicated to said defendant, this plaintiff gave his bond for more than double the amount of the twenty-one dollars, took said seed away from the defendant by claim and delivery, and at the suggestion of the defendant's agent transferred the seed to another car, added more seed, and after completely changing the shipment again offered said seed for shipment to Fairfax, a station on the Charleston & Western Carolina Railway in above State and county, informing defendant that it was his intention to forward said seed from that point, but this defendant wilfully, wantonly and maliciously, refused to move said shipment of seed to Fairfax or any other point, notwithstanding it was again informed of all the facts above set forth, and that plaintiff's business was being utterly ruined by the delay.

Fifth. "That by reason of the failure and refusal of defendant to furnish rates as above set forth, or to move his seed to a station on another line where he had rates, this plaintiff did not load or attempt to ship the second car of seed, and was forced to go in the market and buy other and different seed to take the place of the seed which he could not load and forward from defendant's station by reason of its wrongful refusal, and because of the lateness of the season, the time which had elapsed, he could not secure the same quality of seed and was forced to substitute others which were not as good, at a total loss to this plaintiff of seven hundred and sixty dollars, and this plain-

tiff, because of the refusal to move said seed as above set forth, was forced to employ teams and haul the same across to Seigling, on the Southern Railway, at an additional cost to this plaintiff of twenty-eight and 25-100 dollars, making a total cash loss to this plaintiff of seven hundred and eighty-eight and 25-100 dollars, which was paid out by reason of defendant's wrongful refusal to forward plaintiff's seed.

Sixth. "That notwithstanding the law requires all common carriers to keep their rates posted for the benefit of the public at each station on their line, this defendant had no rates posted as required, and wilfully, wantonly and maliciously, failed and refused to furnish this plaintiff with rates requested for twenty-one days, for the sole purpose, as appears from the action of defendant, of extorting from him twenty-one dollars, and that defendant's wilful, wanton and maliciously negligent conduct in failing to post the rates as required by law, and failing, refusing and neglecting to furnish this plaintiff with rates when requested, as well as their attempt to extort money from this plaintiff, together with its wanton failure and refusal to forward the seed offered for transportation, has caused him to suffer severe financial loss, damage and injury to his business and reputation, as well as mental worry and trouble, and has completely ruined his business of shipping seed, in which he was engaged, all of which is to his damage in the sum of ten thousand dollars."

Defendant's counsel announced that the amendment would take them by surprise.

The Circuit order is:

"This cause came on to be tried before me at the May term of Common Pleas Court for Barnwell county on the 21st day of May, 1912, and during the progress of the trial, while the plaintiff was on the stand testifying, the plaintiff's attorneys made a motion to be allowed to amend their complaint to conform to the proof offered, it appearing that the

plaintiff would testify to an offer by him to the defendants' agent to pay or deposit the demurrage claimed as due under protest.

"After hearing arguments pro and con and being satisfied in my discretion that the ends of justice would be subserved by allowing said amendment;

"Now, on motion of plaintiff's attorneys, it is ordered that the plaintiff be allowed to amend the said complaint by alleging therein the following matter by inserting on line three of the fourth paragraph of said complaint after the word plaintiff 'offered to pay or deposit the twenty-one ($21.00) dollars so claimed as demurrage, under protest, with the defendants' agent and the said defendants' agent refused to accept the same or forward the car, after which said refusal plaintiff'; also on line twelve of said fourth paragraph after the word forth, 'And again offering the demurrage claimed, under protest, to the agent of the defendants'; also by inserting on line thirteen of the sixth paragraph of said complaint after the word refusal 'to accept the offer to pay or deposit the demurrage claimed as due, under protest, or.'

"It is further ordered that the plaintiff herein have twenty (20) days from the date of this order in which to serve the defendants or their attorneys with their amended complaint, and that the defendants have twenty (20) days from the service of the said amended complaint upon them to serve and file their answer to the said amended complaint."

Defendants appeal.

*Messrs. Hardy & Best* and *Lyles & Lyles,* for appellants, cite: *The amendment substantially changes the claim:* 21 S. C. 225, 242; 26 S. C. 423; 59 S. C. 87; 49 S. C. 515. *The amendment is an abuse of discretion:* 1 Cyc. 219; 47 S. C. 498; 81 S. C. 597; 83 S. C. 577.

*Messrs. J. H. Patterson* and *R. C. Holman,* contra.

October 30, 1912.   The opinion of the Court was delivered by

MR. JUSTICE WATTS.   I think the exceptions should be overruled and the judgment affirmed.   The Circuit Judge had authority to allow the amendment under sections 190, 191, 192 and 194 of the Code of Laws and under authority of *Booth* v. *Langley,* 51 S. C. 415, 29 S. E. 204; *Mew* v. *Railway Co.,* 55 S. C. 99, 32 S. E. 528; *Spears* v. *A. C. L. R. R. Co.,* 92 S. C. 297.

It was a matter entirely within his discretion and he did not erroneously exercise that discretion.