## 9504 .

### SCOTT v. ATLANTIC COAST LINE R. CO.

#### (89 S. E. 1038.)

1. Pleading—Amendment—New Cause of Action.—In a railroad conductor's action against his employer for personal injury, where the defendant, under the pleadings, might have shown as a complete defense that plaintiff was injured in a different way than that alleged, the allowance of an amendment to the complaint so as to conform to the proof and allege a new and independent act of negligence, to defendant's surprise, was error.
2. New Trial—Grounds—Surprise.—The trial Court was in error in not withdrawing the case from the jury when he was shown that the amendment in the complaint had taken defendant by surprise, and was correct in afterwards granting a new trial.
3. Appeal and Error — Remand — Jurisdiction of Lower Court — Motion for New Trial.—Where there was a verdict for the plaintiff, and the defendant's motion on the minutes of the Circuit Court for a new trial was granted on the ground of error in allowing plaintiff to amend his complaint, the Circuit Court on remand will have no jurisdiction to determine the other grounds of the motion.

Before Shipp, J., Florence, April, 1915.    Affirmed.

Action by Otis K. Scott against the Atlantic Coast Line Railroad Company. Judgment for plaintiff. From an order granting a new trial, plaintiff appeals.

The facts are stated in the dissenting opinion of Mr. Justice Gage, reported herewith.

*Messrs. J. W. Ragsdale* and *Whiting & Baker,* for appellant, cite: *As to amendment of complaint:* 101 S. C. 86; 51 S. C. 412; 81 S. C. 564; 83 S. C. 557; 87 S. C. 239; 85 S. C. 450; 86 S. C. 98; 55 S. C. 98; 74 S. C. 236; 32 S. C. 117; 82 S. C. 410; 101 S. C. 29.   *Cause of action:* 64 S. C. 491; 74 S. C. 236; 33 R. I. 289; A. & E. Ann. Cas. 1913d, 720 and 743.   *Cases of injuries to employees:* 145 U. S. 593; 42 Am. St. Rep. 345; 94 Ky. 169; 21 S. W. 649; 110 N. Y. 646; 17 N. E. 733; 1 Ga. App. 88; 58 S. E. 252; 38 Tex. Civ. App. 81; 85 S. W. 62; 40 S. W. 1043; 56 Oregon 495; 108 Pac. 201; 68 Ga. 228; 56 Fed. 458; 12 U. S. App. 426; 5 C. C. A. 557; 199 Mass. 421; 85 N. E. 474; 20 Okla. 538; 120 Pac. 253; 156 Pac. 404; 45 Ind. App. 649; 90 N. E. 783; 91 N. E. 571; 19 S. W. 667; 124 Ky. 517; 99 S. W. 609; 158 Mich. 8; 122 N. W. 371; 137 Wis. 506; 118 N. W. 350; 119 N. W. 289; 34 S. W. 298; 18 Wash. 368; 51 Pac. 402, 1046; 18 R. I. 598; 29 Atl. 300; 43 Mont. 141; 115 Pac. 40; 113 Ga. 862; 39 S. E. 555; 136 Ga. 351; 71 S. E. 470; 21 S. D. 504; 110 N. W. 832; 72 Neb. 900; 101 N. W. 1009; 58 N. H. 137; 83 Ala. 453; 3 So. 813; 78 Ga. 525; 3 S. E. 355; 108 Ky. 47; 55 S. W. 716; 57 Hun. 585; 10 N. Y. S. 413; 122 Mo. App. 177; 98 S. W. 14; 34 S. W. 165; 123 Ga. 697; 51 S. E. 610; 72 S. C. 236; 54 S. E. 375, 39 Tex. Civ. App. 37; 87 S. W. 202; 31 App. Div. 305; 52 N. Y. S. 613; 141 App. Div. 372; 126 N. Y. S. 211; 58 N. H. 336; 99 App. Div. 236; 90 N. Y. S. 1023; 15 N. D. 294; 107 N. W. 197; 9 Ga. App. 667; 72 S. E. 65.   *South Carolina rule:* Code Civ. Proc. 220; 3 S. C. 401, 410; 6 S. C. 130; 96 S. C. 18.

*Mr. F. L. Willcox,* for respondent, cites: *As to appealable orders:* 92 S. C. 361; 91 S. C. 337 and 454; 93 S. C. 575; 98 S. C. 466.

September 12, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

There is no doubt that the defendant was taken by surprise, and to allow the trial to proceed under such circumstances is simply to allow the plaintiff when he fails to make out his case by the specifications of negligence set out in his complaint, or when they are met by evidence of defendant, and under some view of the evidence a new and independent act of negligence is established to amend so as to conform to the proof would work untold prejudice and wrong to the defendant.

The defendant was called upon to answer certain specifications of negligence. Under the pleadings it would have been justified in showing that it did injure the plaintiff, but in a different way than that alleged, and this would have been a complete defense. To allow the amendment asked for under the circumstances of the case would be far-reaching in its effect and bring about in every case a motion to amend after the testimony was in so as to introduce a new and independent specification of negligence. The defendant would have to prepare a defense not to meet the specifications of negligence set out, but all manner of conjectural negligence that could be imagined and retained in the mind of the plaintiff's attorney until he got ready to spring it, and ask for an amendment after all the evidence was in.

Judge Shipp was in error in allowing the amendment, and not withdrawing case from the jury when he was informed it took counsel for defendant by surprise, and was correct afterwards in granting the new trial. Neither do I see how he has jurisdiction to hear and determine the other grounds made for a new trial. This Court could remand it to him to ascertain what probable ruling he might have made, but he is now without juris-

diction, power, or authority to determine the motion made before him in the minutes of the Court.

I think the judgment should be affirmed.

It is so ordered.

MR. CHIEF JUSTICE GARY and MR. JUSTICE FRASER concur in the opinion of the Court.

MR. JUSTICE HYDRICK. I concur in affirming the order appealed from.

MR. JUSTICE GAGE, *dissenting.* The plaintiff, a railroad conductor, sued the defendant for a tort under the Federal Employers' Liability Act (act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1913, secs. 8657-8665]). The verdict was for the plaintiff, the defendant moved the Circuit Court for a new trial, and the motion was granted for error of law. This appeal is from that order.

The motion for a new trial was made on: (1) The same 12 grounds which had aforetime been urged for a directed verdict; and (2) on the further single ground that the Court erred in the allowance of a certain amendment to the complaint proposed by the plaintiff at the close of all the testimony, and allowed after a refusal to direct a verdict.

In the order granting the new trial the Court considered only the second ground; it expressly omitted to consider the other grounds of the motion.

1. If it be assumed that the Court was in error to conclude that the amendment ought not to have been granted, that is, to conclude that the amendment changed the claim of the plaintiff as he had first pleaded it, yet judgment absolute may not now be entered on the verdict for the plaintiff, because the defendant moved also for a new trial on 12 other stated grounds, and the Circuit Court has not considered these grounds. The defendant has a legal right to have those grounds considered in the first instance by the trial

Court.    It is the same thing as if the motion had been made on the 12 grounds alone, and the Court had omitted to consider them.    If it be answered by the appellant, that the Circuit Court has already considered the 12 grounds upon the motion to direct, that is true; but upon a reconsideration, which the defendant has asked, and which the Court may do, a different conclusion may be arrived at.    If it be still answered by the appellant that the Court which tried the case and which heard the motion is adjourned and dissipated into the past, that is true; but in ideal contemplation the Judge of the Court yet carries with him the undecided motion made upon the 12 grounds, the same as if he had never decided any part of the motion.    If it be concluded, therefore, that the order which was made ought not to have been made, then the power and duty still rests upon the Judge who heard the motion based on 12 grounds to decide those grounds.    And the duty is incumbent on us to inquire if the order granting a new trial was wrong in law.  *Daughty v. Railroad,* 92 S. C. 361, 75 S. E. 553.

2. We come now to that essential issue made by the appeal, and it is: Did the new matter in the complaint inserted by way of amendment substantially change the claim which the plaintiff had pleaded aforetime?    Code, sec. 224.    The following is the allegation in issue, and those words put in brackets constitute the new matter inserted by the amendment, and the italics are all supplied, as are some indicated words:

"That plaintiff's said injury resulted from the negligent acts of the defendant: (a) By reason of defective brake equipment on the engine and cars furnished plaintiff, *due to the negligence* of the *defendant* in failing to see that the air valves were properly cleaned *before the said train was sent out* and [*due to the negligence of the defendant* (the last seven italicized words are supplied) in the failure of the *defendant's engineer* in charge of said train to see that the brake equipment of his engine was in good condition *on the*

*trip from Florence to Manning,* and at the time of the acci-
dent] ; (b) by negligence of defendant's engineer on said
train in suddenly stopping his engine with a jerk on receiv-
ing signal to slow down."

3. A preliminary question arises, which is whether the
Circuit Court was obliged to exact from the defendant's
attorney formal proof by affidavit or formal proof by oath
that the motion to amend had misled him before the amend-
ment was allowed. Code, sec. 220, declares that the fact of
being misled "shall be proved to the satisfaction by the
Court." It was said in an early case that the Court must
be satisfied by proof by affidavit. *Ahrens* v. *State Bank,* 3
S. C. 410. And that case was referred to in *State* v. *Sche-
per,* 33 S. C. 577, 11 S. E. 623, 12 S. E. 564, 816. But in
neither of these cases was the issue up as to whether the
Circuit Court might act on unsworn proof, where the other
party did not demand the administration of an oath. It is
a common practice in the trial of causes to take the word of
counsel in open Court for sworn testimony, if it satisfies the
Court and the other party.

The case recites what was said at the time the new matter
was allowed to be pleaded, to wit :

"Plaintiff again moved to amend his complaint, which,
after considerable argument, was allowed. Defendant's
attorneys then claimed to be taken by surprise, and upon
suggestion by the Court that additional testimony might be
furnished by defendant, defendant's attorneys stated to the
Court that under the circumstances, its witnesses having
been discharged, and the case having been prepared and tried
upon the complaint as it stood before amendment, it was
impossible to procure witnesses at that time, or even to deter-
mine, without time for consideration, what witnesses would
be necessary. Defendant offered no further testimony, and,
the amendment being allowed by the trial Judge, the case
was thereupon submitted to the jury."

It is manifest that the other side, the movant for the order, did not exact formal proof by oath of that which the defendant's counsel said. The unsworn statement of counsel (Mr. F. L. Willcox) satisfied the Court, and, we have no doubt, satisfied the plaintiff's counsel as well. The plaintiff's objection to the amendment was, not to the method of the proof, but to the conclusiveness of the proof. The plaintiff's counsel said there and here that the circumstances showed that the defendant's counsel could not as a matter of law have been surprised. We are, therefore, of the opinion that under the circumstances of this case the plaintiff waived the administration of an oath to the counsel who averred his surprise.

4. We revert now to the main issue, before stated. The plaintiff's cause of action consists (1) in an injury to his leg which came from a fall off the defendant's freight cars at Manning, and (2) which fall was due to a negligently defective brake equipment which supplied the train. The defect in the equipment first alleged was the defendant's neglect at Florence to see that the air valves of the equipment were properly cleaned.

The delict next alleged (for new matter) was the engineer's neglect, betwixt Florence and Manning, and at the instant of the accident, to see that the brake equipment was in good condition. This last is no allegation of a new defect in equipment; it is only an allegation that the engineer failed to do his duty on the route, "to see that the brake equipment of his engine was in good condition on the trip." The new matter is not the allegation of a new claim; it is, at most, only this allegation of a new delict by the engineer, but about the same brake equipment which did the damage. The pleading of the new matter was suggested to the plaintiff by the testimony of the engineer on his direct examination. He alone then testified that the brakes went into involuntary emergency both at Lynchburg and at Sumter stations, en route to Manning, and again at Manning, by

which last action the plaintiff was thrown from the top of a car. The allegation hardly conformed to the proof which had been made, and we think the plaintiff may have relied without the amendment on the habitual involuntary emergency action of·the brakes at Lynchburg and Sumter and Manning to show the engineer's knowledge of the condition of the brakes, and to show a defect in the brakes which was the result of negligence. At all events, the event pleaded by the new matter, resided in the mind of the engineer; and the proof of it was made by him on the direct examination of defendant's counsel. This testimony of the defendant's chief witness ought not and could not have amounted to a legal surprise. The engineer testified:

"I was engineer for the Atlantic Coast Line in March, 1914, and had been for about three years. I was in charge of the locomotive which carried the wreck.train to Manning on March 27, 1914, which was in charge of Mr. Scott. I didn't go back to test the cars, but I applied the brake. There was no indication of trouble with the brakes. At Lynchburg, the first time I stopped, we pulled up to the station, and there the air brake being all right, and the pass track being blocked, and we being required to stay there for No. 54, we backed up in the house track, and in backing up the brakes went into emergency. The next time I applied my air was going into Sumter, and the brakes worked all right at that stop. After that I closed the storage and had a short time to wait there for No. 46 to Florence, and on leaving Sumter that time the brakes went into emergency again, and Mr. Scott came around with the orders, and I notified him about that, and I also notified him at Lynchburg. One of the train hands came up and told me to come back in the wrecking car, and they were in conversation about the rough handling of the train, and we thought it was caused by a defective triple. This discussion was in Mr. Scott's presence. At Sumter Mr. Dabney and I were talking about it, and Mr. Scott came to the engine, and I

also called his attention to it there. He said, 'All right, I will try to test it,' but he made no attempt to try to find it. We went on to Manning and stopped the train north of the station at Manning, and the brakes did not go into emergency. We went down there and were on the track and had only one car there at the time to back in on these cars to shift them back to make room for other cars on the other end. and this is when the trouble was."

We are, therefore, of the opinion that the amendment was allowable under the case of *Booth* v. *Langley,* 51 S. C. 412, 29 S. E. 204, rather than it was disallowable under the cases cited by the Circuit Court. We are also of the opinion that the defendant was as matter of law not misled by the amendment; and that the amendment did not substantially change the claim of the plaintiff.

The order of the Circuit Court was based upon an error of law, and ought to be set aside; and the cause ought to be remanded to the Circuit Court, with direction to the trial Judge (Hon. S. W. G. Shipp) to decide the 12 grounds for a new trial made by the defendant and before referred to.

I, therefore, dissent from the judgment of the Court.