THE PROPRIETORS OF THE MEXICAN MILL, APPELLANTS, *v.* THE YELLOW JACKET SILVER MINING COMPANY, RESPONDENT.

PARTNERS CANNOT SUE IN PARTNERSHIP NAME. The "Proprietors of the Mexican Mill," a copartnership or unincorporated association, cannot prosecute an action under such copartnership or associate name.

IF NO PLAINTIFF, NO ACTION. An action cannot be maintained in a name as plaintiff, which is neither that of a natural person, nor of such an artificial person as is recognized by the law as capable of suing. A proceeding commenced in such a name, there being no plaintiff, is not an action, but a mere nullity, and may be dismissed at any time.

No Demurrer for Want of Plaintiff. A demurrer for "defect of parties plaintiff," or "that plaintiff has not legal capacity to sue," will not reach the defect of a proceeding in a name, as plaintiff, of neither a natural nor artificial person.

Dismissal for Want of Plaintiff at any Time. An objection that the proceeding is in the name, as plaintiff, of neither a natural nor artificial person, may be made for the first time in the Appellate Court.

If no Plaintiff, no Amendment. A proceeding in a name, as plaintiff, of neither a natural nor artificial person, is so vitally defective as to be beyond the reach of an amendment; there being no plaintiff, there is no action and nothing to amend.

Appeal from the District Court of the Second Judicial District, Ormsby County.

The complaint was for damages sustained by the partial destruction of a dam across Carson River, for an injunction to restrain defendant from continuing such destruction, and removing the materials, and for general relief. A restraining order having been granted, a motion was made to set it aside, which, after argument, was overruled. The parties then (considering an answer regularly in) went to trial of the question whether an injunction should be granted upon the merits, which resulted in the judgment revoking the restraining order, and denying the injunction, from which the appeal is taken.

*R. M. Clarke,* for Appellants, contended that the defect as to the name of plaintiffs could not be made available to the respondent in the Appellate Court.

1. Because the point was not made in the Court below, and could not be made for the first time in the Appellate Court.

2. Because the objection was waived by the answer of the defendant, by its agreement to try, and trial of the temporary injunction upon the merits.

3. Because the defect might have been cured by amendment in the Court below.

4. Because respondent having taken no exceptions and no appeal, this Court could not consider the objection urged by it on appeal.

He further contended that the complaint was not open to the objection that "no cause of action is stated." The circumstances

4

constituting irreparable injury were sufficiently averred, but if not, the averments were aided by the proof as in the case of trial of the cause upon the merits.   The most that could be said was, that the cause of action was defectively stated, which in no event would warrant the interference of the Appellate Court.

He further contended that the temporary injunction should have been granted; that the Court below found that appellants were the owners of the dam, ditch and water privilege described in the complaint, and that the defendant was tearing down and carrying away the dam, and constructing out of the material a new dam, and thus laying the foundation for an adverse title in themselves. (Hilliard on Injunctions, Secs. 14, 15 ; Angell on Water Courses, Sec. 135–445 *et seq.*, and cases there cited.)

*Hillyer and Whitman,* for Respondent.    No brief on file.

By the Court, JOHNSON, J.

An appeal is sought here from an order of a District Court refusing an injunction, pending other proceedings, in what counsel for appellant is pleased to denominate a *Civil Action.*

These proceedings originated with a complaint in which plaintiffs are styled thus :   " The plaintiffs, the proprietors of the Mexican Mill, a copartnership, doing business in that name in the County of Ormsby, State of Nevada."

The transcript does not show that any objection was taken to this pleading in the lower Court, and hence we infer that no such question arose there.   But preliminary to considering the merits, respondent submits in effect a motion to dismiss the appeal, for the reason that it cannot be entertained, as " ' The proprietors of the Mexican Mill *Co.*,' being neither natural nor artificial persons authorized to maintain an *action* or *proceeding*, there is therefore no *plaintiff*, and consequently no *action* or proceeding to support an injunction."

Defendants may by virtue of special provisions of our statutes be sued by their copartnership name ; and plaintiffs, in a limited class of cases, maintain actions under an associate name.   Yet we know of no authority, statutory or otherwise, which permits an ac-

tion involving the subject matter of the present one to be prosecuted under a copartnership associate name.

This statement of the law is not controverted on the argument, and the error of the pleader is distinctly conceded by the learned counsel for appellants ; but assuming this to be an objection merely on account of " a defect of parties plaintiff," he insists that " the objection should, in pursuance of Section 40 of the Civil Practice Act, have been taken by demurrer, and thereupon the defect might have been cured by an amendment of the complaint; but as no such objection was made in the lower Court, and defendant having submitted to a trial of the injunction matter, it is thereby concluded from raising the question in this Court."

We think counsel misapprehend the true point of this objection. It is not such a difficulty as can be reached by anything contained in the code relating to demurrers.   (Secs. 40, 45.)   It is therein declared that the defendant may demur for certain enumerated defects apparent on the face of the complaint, among which are, that there is a defect of parties plaintiff or defendant, and that plaintiff has not the legal capacity to sue.   When any of these defects do not appear upon the face of the complaint, the objection may be taken by answer ; but if not taken by either demurrer or answer, the defendant shall be deemed to have waived the same. The expression, " a defect of parties," refers to the absence of some person or persons, who ought to be joined with the party on the record.   Nor is the objection that " the plaintiffs have not the legal capacity to sue," but that no person, natural or artificial, is named as plaintiff.   Certain persons, for instance, infants, idiots, lunatics, and married women, cannot sue except by guardians, next friends, or in the case of married women by joining their husbands in certain cases.   This appears to be what the provision means, and not the absence of a real person as plaintiff; and therefore it would seem that if the defendant wished to raise the objection in the lower Court, it could do so only by motion to dismiss.   But it is quite immaterial in this case as to the form of the objection, as the motion is resisted on no stronger ground than that if it had been made in the Court below the adverse party might have corrected its pleading by amendment, and the authorities cited by appellant

apply only to such a class of cases. But it will be conceded that if the defect or omission is beyond the reach of an amendment, the objection may be taken at any time. Section 68 of the Code, in treating of amendments provides that " the Court may in further-ance of justice, on such terms as may be proper, amend any plead-ing or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect." * * *

The very first step towards the commencement of a civil action or proceeding is the filing of a complaint, in which it is indispensa-ble that there be shown a plaintiff and a defendant, and without which it is an absolute nullity, and renders void all subsequent pro-ceedings had under it.

In this instance no person, natural or artificial, is named as plaintiff; and if an amendment were allowed to supply the omission the effect of such amendment would necessarily be to make a plaintiff where there was none such at the inception of the action.

The section just quoted establishes an exceedingly liberal rule respecting amendments, yet there is nothing in its terms which would authorize an amendment of the character suggested by the record before us.

As there is no plaintiff in this case, there was no action in the Court below and nothing to amend. So too, there being no ap-pellant in this Court, there is really no appeal to be heard or determ-ined.

In accordance therefore with the views expressed, we must allow the motion to dismiss the appeal. This conclusion forbids inquiry in respect to the other questions discussed by counsel at the hearing.