## 9513

### AMERICAN COTTON OIL CO. v. SALUDA OIL MILL CO. *ET AL.*

#### (89 S. E. 1067.)

1. PLEADING—AMENDMENT—MATTER OF DESCRIPTION.—In an action to recover from seller for an alleged shortage in quantity and quality of cottonseed oil, sold where plaintiff alleged that the car was shipped January 24, 1907, amendment of declaration as to the date the carload of oil was shipped was properly allowed; it not stating a new cause of action.

2. PLEADING—RESERVATION OF GROUNDS OF REVIEW—WAIVER OF OBJECTION.—The objection that plaintiff did not make it appear by affidavits that its pleader had made a mistake in a date alleged in its declaration was waived when defendant's counsel did not object on plaintiff's motion in the trial Court to amend.

3. PLEADING—AMENDMENT—PROPRIETY.—In an action to recover from seller for a shortage in cottonseed oil sold, where plaintiff alleged the car was shipped January 24, 1907, amendment on plaintiff's motion to make the pleading state that the oil was sold on such date and shipped later was properly allowed, though operating to bring the cause of action within the date, when, according to the first allegation, it was barred by the statute of limitations.

Before SEASE, J., Saluda, March, 1916.    Affirmed.

Action by the American Cotton Oil Company against the Saluda Oil Mill Company and others, individually and as stockholders and directors. From an order allowing plaintiff to amend its complaint, defendants appeal.

*Messrs. E. W. Able, C. J. Ramage* and *B. W. Crouch,* for appellants: *As to amendment:* 50 S. C. 398; 64 S. C. 491; 74 S. C. 236; 81 S. C. 574; Code Civ. Proc., sec. 224; 31 Cyc. 413; *Ib.* 370.

*Messrs. Shand, Benet, Shand & McGowan,* for respondent.

September 18, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRCK.

Defendants appeal from an order allowing plaintiff to amend his complaint. Plaintiff sued to recover for an alleged shortage in quantity and quality of a carload of cottonseed oil, sold to plaintiff by Saluda Oil Mill Company and paid for by plaintiff before the shortage was discovered. Plaintiff alleged that the car was shipped on January 24, 1907. After the answer was filed, plaintiff's attorneys discovered that they had erred in alleging that the car was shipped on January 24, 1907, and that the fact was that it was sold on that date and shipped at a subsequent date, and, on motion, they were allowed to amend accordingly.

The objection that plaintiff was allowed to substitute a new and different cause of action is unsound. The cause of action was the alleged breach of warranty of the quantity and quality of oil contained in the car sold and delivered to plaintiff, and the failure to make good the warranty. The dates of sale and shipment are not of the essence of the cause of action, but serve only to identify the transaction which gave rise to it. The error in allegation was merely one of description, and subject to correction, when permitted at a time and under circumstances such that defendants could not have been surprised to their prejudice. *Booth* v. *Langley Mfg. Co.*, 51 S. C. 412, 29 S. E. 204; *Koennecke* v. *Railway,* 101 S. C. 86, 85 S. E. 374.

The objection that it was not made to appear by affidavit that the pleader had made a mistake comes too late. If it had been made at the hearing below, it might have been obviated. No doubt the Court below and defendants' attorneys also were satisfied with the mere statement of plaintiff's attorney. Evidently the Court was, for the order was predicated upon it. If opposing counsel were not, they should have made the fact known then. Failing to do so, they waived it.

The objection that the amendment should not have been allowed, because it operates to bring the cause of action

within date, when, according to the first allegation, it was barred by the statute of limitations, is likewise untenable. On the other hand, that was good reason why it should have been allowed. It would be manifestly unjust to throw a plaintiff out of Court, when his cause of action is apparently meritorious, and when it would be barred by the statute before he could commence another action just for an error in pleading. If the cause of action would not be barred, the Court might, in the exercise of its discretion, refuse to allow an amendment, and require a discontinuance and the commencement of a new action as a sort of penalty for inexcusable carelessness in pleading; but to defeat the action entirely would be too heavy a penalty. This equitable principle is recognized by rule 27 of this Court (75 S. C. 572, 56 S. E. —) as to the granting of nonsuits and directed verdicts.

Order affirmed.