14480

CORAL GABLES, INC., v. PALMETTO BRICK CO. *ET AL.*

(191 S. E., 337)

April, 1936.

*Messrs. Leppard & Leppard,* for appellant,

*Messrs. L. C. Wannamaker* and *M. C. Woods,* for respondent, North Carolina Bank & Trust Co., Ancillary Administrator of the estate of M. C. Thomason, deceased,

May 10, 1937.

The opinion of the Court was delivered by Mr. Justice Fishburne.

This is an appeal from an order of his Honor, Judge E. C. Dennis, overruling a motion made by the appellant to amend its complaint.

In February, 1931, the plaintiff brought an action against the defendants, in which both were charged as joint makers and jointly liable on a certain promissory note given to the plaintiff, bearing date December 2, 1925, and judgment was demanded against both defendants. Although it appears that the complaint was amended several times, as of course, and by order of the Court, prior to the controversy now before us, it is referred to in the record as the first amended complaint, and we adopt that designation in our discussion.

In this complaint, omitting formal allegations, it is alleged, in Paragraph 4, that "the defendants" executed and delivered the note; and, in Paragraph 9, that "there is now due and owing to the plaintiff, by the said defendants, upon the said debt declared upon in this action, the sum of Eight Thousand and Four Hundred Thirty Seven and 50/100 ($8,437.50) Dollars, with interest." In Paragraph 4, the note itself is set forth, and is in part as follows:

"No. ———

"8,437.50          Coral Gables, Fla., Sept. 2, 1925.

"In 12 consecutive quarterly payments after date the first 11 payments becoming due December 2, 1925, for value received, I promise to pay to the order of Coral Gables Corporation—Eighty Four Hundred Thirty Seven and 50-100 Dollars, at the office of Coral Gables Corporation, Coral Gables, Florida, with interest thereon at the rate of 7% per annum from date until fully paid."

This note was signed, "Palmetto Brick Company, By M. C. Thomason."

It is obvious from the purport of the complaint that although the ancillary administrator is included in the term, "the defendants," as a maker of the note, it is only being charged in its representative capacity as administrator of Thomason's estate.

In its proposed second amended complaint, in a first cause of action, the plaintiff attempts to set out the identical cause of action stated in its first amended complaint, but demands judgment against the defendant Palmetto Brick Company alone. In the second cause of action alleged therein, after adopting the cause set forth in the first cause of action as though realleged, it seeks to set up a cause of action against the ancillary administrator of Thomason's estate, upon the alleged fraud and deceit of Thomason, wherein it is charged that at the time he signed the note he made false and fraudulent representations to the effect that he was authorized to make and deliver the said note for and in the name of the Palmetto Brick Company, to the plaintiff's damage in an amount of approximately $20,000.00.

In the order overruling the motion to amend, it was held that no cause of action against the ancillary administrator was stated in the first amended complaint, and therefore there was nothing upon which to amend, and further that the statute of limitations had run against the note when the motion to amend was made. Consequently, it was held that the amendment could not be allowed, since it would set up a cause of action against the ancillary administrator where none existed before by virtue of such prior failure to state one, and where no right of action existed because of the bar of the statute of limitations.

The Circuit Judge further held that if it be conceded that a cause of action is stated against the ancillary administrator in the first complaint, the proposed amendment as set forth in the second cause of action would set up an entirely new cause of action against it, which cannot be done, after the statute of limitations has run.

The exceptions challenge the correctness of these rulings.

Does the first amended complaint allege a cause of action against the ancillary administrator of the estate of M. C. Thomason, deceased?

Mr. Pomeroy says: "The true doctrine to be gathered from all the cases is, that if the substantive facts which constitute a cause of action are stated in a complaint, or can be inferred by reasonable intendment from the matters which are set forth, although the allegations of these is imperfect, incomplete and defective, such insufficiency pertaining, however, to the form rather than the substance, the proper mode of construction is not by demurrer, nor by excluding evidence at the trial, but by a motion before the trial to make the averments more definite and certain by amendments." Pom., Rem, § 549.

But, it is also generally held that if the averments are so defective, if the omission of material facts is so great, that even under the rule of a liberal construction, no cause of action is stated, it is not a mere case of insufficiency, but one of complete failure, and, in such case as we understand it, the proper remedy is by demurrer, and subject, in practically all cases, to the right of amendment.

The respondent, however, did not adopt either one of these procedural steps. No motion was made to make the allegations of the complaint more definite and certain by amendment, nor was a demurrer interposed. The issue presented, nevertheless, is substantially the same in its legal aspects as though a demurrer had been interposed.

The first amended complaint indubitably shows on its face that the note is the obligation of the Palmetto Brick Company alone; it is signed "Palmetto Brick Company, by M. C. Thomason." True, it is alleged, in Paragraph 4, that "the defendants" executed the note and in Paragraph 9 that "the defendants" owe the debt, but these statements, in so far as M. C. Thomason is concerned, are completely demolished by the note itself.

A demurrer to a complaint cannot be sustained if any portion of it, or if to any extent, it presents facts sufficient to constitute a cause of action, or if

facts for that purpose can be fairly gathered from it, however inartificially it may have been drawn, or however uncertain, defective, or imperfect may be its statements. Nor will a demurrer be sustained for mere inconsistency, indefiniteness, or repugnancy, if some fact or facts are averred positively, and the indefiniteness, inconsistency, or repugnancy are not such as to render the averment meaningless. It is likewise well established that in passing upon repugnancy, the pleading must be considered as a whole. Repugnancy is ordinarily not a ground for demurrer when the second allegation is merely superfluous and redundant, and in that case the latter may be stricken out or disregarded, and will not vitiate the pleading, but it is otherwise where the pleading is so inconsistent in itself as to destroy the meaning. Gould, Pl., § 183. The objection here goes to the substance and not to the form merely.

We are constrained to agree with the Circuit Judge that no cause of action is stated against the ancillary administrator in the first amended complaint. It does not necessarily follow, however, that the complaint would not be amendable.

Would the proposed amendment set forth in the second cause of action, wherein fraud is charged against Thomason's estate, constitute an entirely new cause of action against the ancillary administrator. And if so, is it permissible, because of the fact that the statute of limitations has run against the note? It is argued by the appellant that the cause of action stated in the second amended complaint against the ancillary administrator is in substance the same as that stated in the first amended complaint, and therefore it relates back to the commencement of the action and is not barred by the statute of limitations.

We think there can be no doubt about the proposition that the proposed amendment would set up a wholly new cause of action against Thomason's estate for his alleged false and fraudulent conduct, but under our

decisions, this now appears to be allowable. It was held in *Taylor v. Atlantic Coast Line Railroad Company*, 81 S. C., 574, 62 S. E., 1113, 1114:

"Under this section [194] the power of the Court to allow amendment, 'by correcting a mistake in the name of a party or a mistake in any other respect,' is unlimited, except by the obligation imposed by the statute on the Court to see that the amendment is in furtherance of justice, and that such terms are imposed as may be just. This power is conditioned on proof of a bona fide mistake in setting forth the plaintiff's rights and the defendant's invasion of them. Unless the amendment proposed relates to the same transaction or the same subject as the original complaint, then it is manifest the plaintiff cannot claim to have made a mistake in the matter to which his pleading relates. When, however, the plaintiff makes the mistake of supposing one of his rights has been invaded by the defendant in one transaction, or a series of transactions relating to the same subject, and discovers another and different right was in fact invaded, it is within the power of the Court when it appears to be in furtherance of justice, to grant the amendment, though in strictness the amendment amounts to a change of the cause of action, *or the insertion of another cause of action*.

"The limitation of the power of amendment to conform the pleadings to the facts proved that the amendment shall not change substantially the claim or defense is by its terms applicable only to amendments proposed while the Court is hearing the evidence, or, after it has heard it, and not before trial." (Italics ours.)

Also see *Mallard Lumber Company v. Carolina Portland Cement Company*, 134 S. C., 228, 132 S. E., 614, and *Sims v. Mutual Life Insurance Company of New York*, 103 S. C., 214, 87 S. E., 999, in which the holding in the *Taylor case* is reaffirmed.

The case of *Proctor v. Southern R. R.,* 64 S. C., 491, 42 S. E., 427, relied upon by the respondent as showing a contrary holding of the Court has been overruled, as will be seen by reference to the case of *Furman v. A. C. Tuxbury Land & Timber Co.,* 112 S. C., 71, 99 S. E., 111.

However, the plaintiff, by its proposed amendment, not only changes substantially its cause of action against Thomason's estate by stating a new, separate, and distinct cause of action by way of amendment for fraud, which, as we have held, is now permissible, but it goes further and pursues a remedy which is not open or available to it. Under the facts and circumstances here, Thomason, if living, could not be changed with fraud and deceit, nor can his ancillary administrator be held liable on this theory. In discussing the form of the remedy available in such a situation, the Court said, in the case of *Medlin v. Ebenezer Methodist Church,* 132 S. C., 498, 129 S. E., 830, 832:

"As to the second theory, the existence of a personal obligation on the part of Chavis by reason of his having signed a note in the name of the association, without authority to do so: The great weight of authority sustains the proposition that an agent is not liable upon a contract which he enters into without or in excess of his authority, unless the contract contain apt words to bind him personally, 2 C. J., 806, although it is conceded by the commentators upon the subject that—

" 'In the earlier cases an agent may be held liable on the contract itself and be compelled personally to answer or perform it as if it were his own, although it contains no apt words to bind him personally but only to bind the principal'—citing South Carolina cases.

"It is nevertheless held by the authorities which deny the liability of the agent upon the contract signed in the name of the principal, without authority, that the agent may be held liable in an action for deceit or for damages resulting

from a breach of his implied warranty of authority. Tiff., Agency (2d Ed.), § 130."

But our Court went on to hold that, "In view of the fact that the divergence of opinion relates simply to the form of the remedy, conceding that the agent is liable, we prefer to follow the rule laid down in our own cases of *Edings v. Brown*, 1 Rich., 255; *Bank of Hamburg v. Wray*, 4 Strob. [87] 90, 51 Am. Dec., 659; *Lagrone v. Timmerman*, 46 S. C. [372], 409, 24 S. E., 290, which hold the agent liable upon the contract. See, also, cases cited from other states in 2 C. J., 808, note 59."

In *Edings v. Brown, supra,* the rule is thus stated:

"The undertaking to bind another, without authority to do so, imports fraud or culpable negligence, and should fix on the guilty person responsibility for the injury that may result from his act. All the authorities agree, that the measure of damages must be the injury sustained, whether the action be in tort or on the contract, and the conflict of authorities is resolved into a question of the form of the action. An action on the instrument affords the most direct and just measure of compensation. If the contract be for the payment of money, in either form of action the damages must be the sum stipulated; and if the contract be for the performance of any other act, compensation for the breach or neglect of the duty may as fairly be decided in the one form as the other.

"It is objected, that by holding the deed to be the deed of the agent, the intention apparent in the terms of the execution of it, that he should be a party only as agent, and his nominal principal bound to the stipulation of the instrument, is violated. The intention of the other and innocent contracting party is defeated, if he has not that security which the agent professed and undertook to give. In this alternative, the wrongdoer cannot complain that he should be substituted to that contract which he imposed on the other party, by undertaking to execute in the name of a

principal whom he had no authority to obligate. Such substitution is only a fair and reasonable indemnity."

It therefore follows that in this state the remedy against the agent acting *ultra vires* is on the contract, and this remedy is exclusive. See 3 C. J. S., Agency, § 208b.

Also, it is quite evident that if the appellant should be permitted to amend its complaint so as to charge Thomason, and through him, his estate, with signing the note in the name of his principal without authority, the alleged new cause of action would be based upon the note. In other words, he as an unauthorized agent, if held at all, would have to be held liable individually upon the contract, and would be substituted for his principal, just as though he had been the maker of the note in the first instance. In such case, of course, the Palmetto Brick Company would be eliminated.

It is likewise clear in that case that such an action against Thomason or his estate would be barred under the statute of limitations, which has run. In this view of the matter it would be futile and unavailing to permit an amendment of that character even if it had been included in the motion to amend; and it is not so included.

A statute providing for the amendment of pleadings does not permit a Court, under color of ordering an amendment, to abrogate the statute of limitations. Hence the rule is that an amendment which introduces a new or different cause of action and makes a new or different demand does not relate back to the beginning of the action, so as to stop the running of the statute of limitations, but is the equivalent of a fresh suit upon a new cause of action, and the statute continues to run until the amendment is filed; and this rule applies, although the causes of action set forth in the original pleading and in the amendment arise out of the same transaction, and, by the practice of the State, a plaintiff is only required to state the facts which constitute his cause of action, and although the

original pleading demanded an amount large enough to cover both causes of action. Limitations of Actions, 37 C. J., 1074, § 551b.

The same principle is announced by our Court in *Ouzts v. State Highway Department*, 161 S. C., 21, 159 S. E., 457, 461, where it is said: "* * * in order to state a cause of action under the statute, it is essential to allege that the plaintiff has filed his claim with the department as required by the act. In the present case, no such allegation was made in the complaint, and the plaintiff, after lapse of the time limited by the statute for bringing the action, sought by amendment to supply it, which was allowed by the trial Judge. This was error. The time for bringing suit having lapsed, the Court was without power to allow an amendment giving a cause of action where none was alleged and where none could then exist. See *Lilly v. Railroad Company*, 32 S. C., 142, 10 S. E., 932."

An amendment of a complaint will not be allowed if a wholly new cause of action is thereby introduced, where the new cause of action is so old as to have been barred by the statute of limitations. In other words, an amendment which substitutes a new and different cause of action, and debars the defendant of the privilege of pleading the statute of limitations, will not be allowed.

To permit the appellant to change his cause of action against Thomason, or his estate, from that of a joint maker so as to charge him, by way of amendment, as an agent acting without authority, and for that reason liable, would introduce into the case a new, substantive cause of action, different from that declared upon, and different from that which the appellant intended to declare upon when it brought its action, and which would run directly counter to the statute of limitations. The introduction of a new cause of action is permissible, but not where it is already barred by the statute of limitations. As was said in one of the earlier cases, if there were no limitation of some kind

upon amendments of this character, a single suit might become "a business for life."

Therefore, neither on contract nor for fraud and deceit can the administrator now be held.

The appellant cites the case of *American Cotton Oil Co. v. Saluda Oil Mill Co. et al.*, 105 S. C., 317, 89 S. E., 1067, as supporting a contrary view, but in that case the amendment allowed did not set up a new and different cause of action. It merely allowed the correction of erroneous allegations with reference to dates. The Court there said: "The dates of sale and shipment are not of the essence of the cause of action, but serve only to identify the transaction which gave rise to it. The error in allegation was merely one of description, and subject to correction, when permitted at a time and under circumstances such that defendants could not have been surprised to their prejudice."

For this reason, the amendment was permitted to relate back to the commencement of the action, and thereby prevent the application of the statute of limitations.

Here, it would not be a case as in *American Cotton Oil Co. v. Saluda Oil Mill Co., supra,* of a mere error in pleading, relating to nonessentials, but it would involve the introduction of a wholly new cause of action, and one which could not exist, for the reason that the time within which to bring such an action had elapsed. *Lilly v. Railroad Co., supra; Ouzts v. Highway Dept., supra.*

The Court will not do a useless and a futile thing, by allowing an opportunity for setting up a new cause of action by amendment, which is barred by the statute of limitations.

Other issues are presented by the appeal, such as misjoinder of actions in the proposed amended complaint declared upon in the same count, as being *ex contractu* and *ex delicto;* also the jumbling of causes of action in one count. But it will not be necessary to consider these.

The exceptions are overruled, and the judgment of the lower Court affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and BAKER concur.