14536

BLACKWOOD v. SPARTANBURG COMMANDERY NO. 3,
KNIGHTS TEMPLAR, *ET AL.*

(193 S. E., 195)

*Messrs. Osborne, Butler & Moore, E. C. Taylor, E. W. Galloway, Evans, Galbraith & Holcombe, Thompson & Burts,* and *Carlisle, Brown & Carlisle,* for appellants, cite:

*Messrs. Charles M. Pace* and *Thomas W. Whiteside,* for respondent, cite:

October 5, 1937.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

On or about June 12, 1935, respondent commenced an action in the Court of Common Pleas for Spartanburg County against Spartanburg Commandery No. 3, Knights Templar, and the appellants, and others, on a promissory note of date June 14, 1928, payable to the order of respondent, one year thereafter, in the sum of $2,000.00, alleged to have been made, executed, and delivered by Spartanburg Commandery No. 3, Knights Templar, and indorsed by appellants and others.

In the original complaint it was alleged that the defendant Spartanburg Commandery No. 3, Knights Templar, was at the time of the making of the note, and still was a corporation duly organized and existing under and by virtue of the laws of the State of South Carolina; and appellants were sued as indorsers.

The appellants answered and admitted 'that the defendant, Spartanburg Commandery No. 3, Knights Templar, was and is a fraternal corporation," and that they were members of said fraternal organization on June 14, 1928; admitted the execution by the commandery of the note sued upon, and the rightful authority so to do; admitted the signing of the note on the back thereof, but alleged that they were purely accommodation indorsers receiving no consideration for their indorsement; and denied all other

allegations of the complaint not expressly admitted. And appellants further pleaded that the note sued upon contained no provisions waiving presentment, protest, notice of protest, or notice of dishonor; that the note had not been presented for payment, and no notice of dishonor or of nonpayment had been given them, and that by reason of the failure to present the said note, and to give notice of dishonor, they are discharged from any obligation or liability on said note.

Upon due notice, and supporting affidavits, the respondent moved before Hon. T. S. Sease, resident Judge, for leave to amend her complaint by striking therefrom so much thereof as alleged on information and belief that Spartanburg Commandery No. 3, Knights Templar, was a corporation under the laws of South Carolina; and, in lieu thereof, to insert allegations that the said commandery was, and is, an unincorporated association having power to own property, sue and be sued under the name it has taken, and held answerable in like manner as any other person, firm, or unincorporated association.

The appellants opposed the motion to so amend the complaint, but by order of date January 30, 1937, Judge Sease granted respondent's motion, and the main appeal is from this order. There is an additional appeal from the order settling the case.

The position of appellants is that, by allowing this amendment, respondent was permitted to substitute for the cause of action alleged in the complaint a cause of action against a wholly different party not a party to the cause of action alleged in the complaint; that the amendment permitted respondent to commence an action against a wholly different party not a party to the action in which said complaint was served, upon a cause of action which, as to these appellants, is barred by the statute of limitations (Code 1932, § 388), thereby depriving appellants of such defense; that the allowance of said amendment was an abuse of the Court's dis-

cretion, in that said amendment substantially changed the claim as set forth in said complaint; and in Exception 4, under three subscriptions, error is alleged in:

"(a) That the effect of such amendment was to permit the plaintiff to sue the appealing defendants on a cause of action essentially and in principle different from and in addition to that alleged in the complaint, thereby permitting by way of an amendment, after the statute of limitations had expired, a suit against the appealing defendants on an entirely different basis from that on which recovery was sought in the original complaint, and thereby denying them a defense under the statute of limitations;

"(b) That it was an abuse of discretion to permit an amendment whereby the appealing defendants were sued after the statute of limitations, on a different basis from that which had been invoked in the original complaint, as a result of which the appealing defendants are denied the defense under the statute of limitations which they would have been able to invoke if the action on which they are now sued had been commenced against them by the institution of an action rather than by the amendment of a former and entirely different action.

"(c) That the effect of such amendment was to permit the plaintiff to sue the appealing defendants as makers after the statute of limitations had expired, when they had been sued within the statute as endorsers, thus denying to them the defense of the statute of limitations on the action against them as makers, and thereby materially and substantially prejudicing their rights and by indirection permitting the institution of an action against the appealing defendants, so as to defeat a plea of the statute of limitations, when the appealing defendants could not have been sued successfully against such plea at the time the amendment was allowed and amended complaint served."

Section 494 of the Code of 1932, which governs amendments by the Court, is as follows: *"Amendments by the Court.*—The Court may, before or after judgment, in

furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party; or by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

It appears to the writer hereof that a great deal of the confusion which has arisen or been created in this case grows out of the fact that, under the law of this State, a judgment which has been procured against an unincorporated association is enforceable against the property of its members, but, because of this fact, we see no reason for making an exception to the settled law with reference to amendments. The appellants at the time the indebtedness represented by the note sued upon was incurred were, and still are, members of the unincorporated association (and they admit in their answers that the note was for value received, money borrowed, and the execution of and delivery of the note authorized by the membership), and they were charged with constructive knowledge that they were individually and collectively liable for the payment thereof without their indorsement. We will therefore treat this case without regard to the ultimate effect the allowance of the amendment may have upon the liability of appellants as members of the association. In this case, and so far as any judgment may be procured against them personally, that is, apart from the right of respondent to enter judgment against them by reason of procuring a judgment against the unincorporated association, the respondent must procure a judgment against them on the basis of their indorsement of the note sued upon.

While the suit against the unincorporated association, if successful, creates a new and different liability as against appellants by reason of the fact that they are members of the unincorporated association, yet,

when they are sued as indorsers of the note, no new cause of action is alleged against them, but, even if a new cause of action were alleged, it is within the power of the Court to grant an amendment if it appears to be in furtherance of justice, provided the amendment does not abrogate the statute of limitations. See *Coral Gables v. Palmetto Brick Co.,* 183 S. C., 478, 191 S. E., 337.

In the case of *Taylor v. Atlantic Coast L. R. R. Co.,* 81 S. C., 574, 62 S. E., 1113, 1114, it is stated: "Under this section [494] the power of the Court to allow amendment, 'by correcting a mistake in the name of a party *or a mistake in any other respect,'* is unlimited, except by the obligation imposed by the statute on the Court to see that the amendment is in furtherance of justice." (Italics added.)

With reference to the amendment of pleadings as to a party to the action, the general rule, and the distinction, as quoted from 30 Cyc., pp. 27 and 28, in *Commercial & Savings Bank v. Ward,* 146 S. C., 77, 143 S. E., 546, 548, bears repeating. The general rule: " 'But if there is a lack of legal entity, the whole action fails. * * * If an action is brought in the name of that which under the *lex fori* has no legal entity, it is as if there was no plaintiff in the record and therefore no action before the Court'; which presents an instance of want of jurisdiction. *Western & A. R. Co. v. Dalton Marble Works,* 122 Ga., 774, 50 S. E., 978; *Proprietors of Mexican Mill v. Yellow Jacket Silver Min. Co.,* 4 Nev., 40, 97 Am. Dec., 510."

The distinction: " 'Although an action brought in the name of that which has no legal entity is a nullity, an action *in which a legally existing plaintiff has been misnamed* is still a true action, to which the court can give full effect, subject only to defendant's right to object at the threshold for misnomer.' 30 Cyc., 28."

There is, of course, no claim that in the beginning there was no legal entity. Spartanburg Commandery No. 3, Knights Templar, an unincorporated associa-

tion, was such a legal entity as could sue and be sued. In the original complaint its legal entity was erroneously described as a corporation. It was a legally existing defendant and, having been erroneously described as a corporation organized under the laws of South Carolina, could amount to no more than a misnomer. At least the principle is the same. In other words, the amendment allowed amounted to no more than a change in the description of the legal entity being sued.

But appellants take the position that, if the amendment had not been allowed, it would have been necessary for respondent to commence anew her action, in which case they could have pleaded the statute of limitations—that by allowing the amendment they were deprived of this additional defense; and appellants also claim that the amendment in effect stated a new cause of action. As to this last claim, we have hereinbefore held that a new cause of action was not stated or pleaded.

We quote from *American Cotton Oil Co. v. Saluda Oil Mill Co.,* 105 S. C., 317, 89 S. E., 1067, 1068: "The objection that the amendment should not have been allowed, because it operates to bring the cause of action within date, when, according to the first allegation, it was barred by the statute of limitations, is likewise untenable. On the other hand, that was good reason why it should have been allowed. It would be manifestly unjust to throw a plaintiff out of Court, when his cause of action is apparently meritorious, and when it would be barred by the statute before he could commence another action just for an error in pleading. If the cause of action would not be barred, the Court might, in the exercise of its discretion, refuse to allow an amendment, and require a discontinuance and the commencement of a new action as a sort of penalty for inexcusable carelessness in pleading; but to defeat the action entirely would be too heavy a penalty." See *Tunstall v. Lerner Shops, Inc.,* 160 S. C., 557, 159 S. E., 386.

In the instant case appellants, under the original complaint, could not plead the statute of limitations, and have not been deprived of any defense they had to the original action.

Considerable of the above discussion would appear ██ to be unnecessary for that, upon hearing had upon the motion to amend, the note sued was exhibited and showed several payments thereon, one of $100.00 on June 13, 1935, which was one day before the statute of limitations became effective as a bar to recovery, which payment was made by Spartanburg Commandery No. 3, Knights Templar, maker of the note. There is nothing in the record attacking this payment as made on that date, and, having been entered by the reputable attorney who was handling the collection of this note, there is every presumption that the payment was made on the date it was entered. Having been made by the maker, and before the expiration of six years from the due date, it necessarily tolled the statute not only as against the maker, but as to the indorsers. Of course, had the payment been made after the statute became effective as a bar to an action thereon, the maker could not have thus tolled the statute as against the indorsers. However, this latter question is not before the Court.

Appellants also excepted to the order of Judge Sease ██ settling the case for appeal, in that he allowed and permitted to be inserted in the record a statement of payments which had been made on the note by the maker after the note had been sued. This statement included the $100.00 payment above referred to, which was alleged to have been made one day after the original summons and complaint in this action were served, and one day before the statute of limitations became effective.

Where an abuse of discretion on the part of the Judge allowing the amendment is charged, this Court should have the benefit of all matters and facts upon which the Judge exercised his discretion. In passing upon the allowance of

an amendment to a pleading, the Judge is not confined to the pleadings as in the hearing of a demurrer. This action was instituted two days prior to it being barred by the statute of limitations, and it was pertinent to inquire if within those two days the statute had been tolled.

All exceptions have been considered and are overruled.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.