14899

SCOVILL *ET AL.* v. JOHNSON *ET AL.*

(3 S. E. (2d), 543)

458

Messrs. *Adam H. Moss* and *James A. Moss,* for appellants,

Messrs. *Zeigler & Brailsford,* for respondents,

June 14, 1939.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This was an action for the foreclosure of a mortgage of real estate given by John A. Johnson, securing note of the said John A. Johnson, endorsed by the appellants, E. C. Johnson and Ethel M. Johnson; and for personal judgment against the maker and endorsers of the note. The date of

the note is January 7, 1927. The record does not disclose the date of the mortgage, but from the report of the Referee in the record, we must assume that it bears the same date as the note; and that the execution and endorsing of the note and the execution and delivery of the real estate mortgage securing the same was all consummated as one transaction.

It is an admitted fact that the action was brought more than six years after the execution of the note and more than six years after any payment had been made thereon. We must also assume that the action was brought more than six years after the due date of the note.

Let us digress at this time to state that if the six-year limitation statute applies to the endorsers above named (the respondents herein), then the statute cannot be tolled as to the endorsers by the maker of the note making a payment thereon; the statement contained in the opinion in *Blackwood v. Spartanburg Commandery et al.,* 185 S. C., 56, 64, 193 S. E., 195, to the contrary notwithstanding. Such statement in the *Blackwood case* was *obiter dictum,* and in direct conflict, with the holding of this Court in *Butts v. Georgetown Mutual B. & L. Ass'n,* 142 S. C., 353, 140 S. E., 700.

The endorsers (respondents herein) pleaded as a defense to the action the six-year period Statute of Limitation under Section 388 of the Code, which plea was sustained. It is conceded that the statute applicable to the maker of the note, John A. Johnson, is Section 387 of the Code—the twenty-year Statute of Limitation.

The sole question now before the Court is whether appellants' right of action against the respondents, E. C. Johnson and Ethel M. Johnson, is governed by Section 387 or Section 388 of the Code of 1932.

Section 387 of the Code of 1932 provides:

"§ 387. Twenty Years.—Within twenty years;

"(1) * * *

"(2) An action upon a bond, or other contract in writing,

secured by a mortgage of real property; an action upon a sealed instrument other than a sealed note and personal bond for the payment of money only, whereof the period of limitation shall be the same as prescribed in the following section."

"§ 388. Six Years.—Within six years:

"(1) An action upon a contract, obligation, or liability, express or implied, *excepting those provided for in section 387.*" (Italics added.)

The twenty-year statute (Section 387) does not deal with persons; it deals strictly with instruments. If the instrument is a "contract in writing, secured by a mortgage of real property," it would appear to be immaterial whether liability is asserted against one or all of the parties to the contract, and also immaterial whether the liability for the debt is asserted against the respondents as makers or endorsers. Especially is this true when the endorser or endorsers execute the note with knowledge that it was secured by a mortgage of real property. And if the endorsers didn't know that the note ("the contract in writing") was secured by a mortgage of real property, or if it was not so secured at the time of the making and endorsement of the note as a part of the same transaction, then in order for the endorsers to bring themselves within the purview of the six-year statute (Section 388), such fact or facts should have been pleaded and proven. In other words, the respondents herein would have to first overcome the twenty-year statute (Section 387) before claiming the benefit of the six-year statute.

Limitation of time within which to bring an action was unknown to the common law. Thus the doctrine of laches had its conception and birth. And our limitation statutes were in all probability terminated by said doctrine.

It is not for the Courts to undertake the giving of reasons which may have motivated the Legislature in arriving at the conclusion that a different limita-

tion should apply to a "contract in writing, secured by a mortgage of real property" to a contract in writing not so secured; and for making no distinction between those primarily liable and those secondarily liable. The Legislature may have well concluded that endorsers or others secondarily responsible for the payment of the "contract in writing, secured by a mortgage of real property" should not benefit from a different limitation to that of the maker, since if the endorsers or others secondarily liable were compelled to pay the obligation, they would have the right of subrogation—recourse to the mortgaged property.

Strictly speaking, a statute of limitation when applicable is not a defense to an action, but when pleaded, which it must be in order for a defendant to benefit therefrom, is a bar to the action. A limitation statute is a statute of grace, permitting the avoidance and evasion of the liability; and while given recognition when pleaded, it has never been favored by the Courts.

If there is any doubt as to which of two statutes applies, that doubt must be resolved in favor of the longest period, according to the great weight of authority. In *Payne v. Ostrus*, 8 Cir., 50 F. (2d), 1039, 1042, 77 A. L. R., 531, in which it was held that "if substantial doubt exists, the longer, rather than the shorter, period of limitation is to be preferred," the Court quoted with approval from *Lynch v. Alworth-Stephens Co.*, 8 Cir., 294 F., 190, 194, the following: "The plain, obvious and rational meaning of a statute is always to be preferred to any curious, narrow, hidden sense that nothing but the exigency of a hard case and the ingenuity and study of an acute and powerful intellect would discover." The language from the *Lynch case* just quoted is peculiarly appropriate to the facts and circumstances of the instant case.

We are unable to perceive anything in this record permitting respondents to come without the twenty-year statute, and within the six-year statute.

Reversed and remanded for such further proceedings as may be necessary.

Messrs. Justices Bonham and Fishburne concur.

Mr. Chief Justice Stabler and Mr. Philip H. Stoll, Acting Associate Justice, dissent.

Mr. Justice Carter did not participate on account. of illness.

Mr. Philip H. Stoll, Acting Associate Justice (dissenting):

I regret that I cannot concur in the majority opinion and will briefly state my reasons for dissenting.

Analysis of Sections 387 and 388 of the Code of 1932 leads me to the positive conclusion that the liability of the respondents E. C. Johnson and Ethel M. Johnson must be determined by Section 388 and not by Section 387.

John A. Johnson was the maker of the note and mortgage. Appellants' action was on the note and mortgage. Therefore, that portion of Section 387 that reads, "An action upon a bond, or other contract in writing, secured by a mortgage of real property," gave appellants twenty years in which to bring their action against the maker of the note and mortgage.

The respondents, E. C. Johnson and Ethel M. Johnson, were not co-makers of the note and mortgage. The extent of their obligation was to guarantee the payment of the note at maturity. Their obligation is fixed by the note and not by the mortgage. The obligation of John A. Johnson was fixed by both the note and mortgage as he was the maker of the note and mortgage. Without the mortgage the note unquestionably would be governed by Section 388. The endorsers were not parties to the mortgage. Their obligation is fixed by the note solely. While the mortgage will carry the maker of the note for the twenty-year period, it cannot carry the endorsers of the note since they were not parties to the mortgage. It, therefore, follows that Section 388 is applicable to

the cause of action against the endorsers of the note, more than six years having elapsed since maturity.

It is my opinion that the judgment of the Circuit Court should be affirmed.

Mr. Chief Justice Stabler concurs.

## On Petition for Rehearing July 1, 1939

*Per curiam.*

The petition for rehearing does no more than reiterate the arguments made at the hearing of this cause, but in view of the divergence of opinion on the part of the members of this Court as indicated by the dissenting opinion filed, the cause has been carefully reconsidered. The foundation of respondents' argument is that the contracts of the maker and of the endorsers are not the same; that the obligation incurred by the maker was secured by the mortgage, and that the obligation of the endorsers was not, "so that (using the language of the petition for rehearing) it is impossible to say that the instrument itself either is or is not a contract secured by a mortgage."

The fallacy of this contention lies in the assumption that because the *incidents* of the liability of maker and endorsers of a note are in some respects different, the instrument is not expressive of a single obligation secured by the mortgage, but is expressive of two distinct contracts, one secured by the mortgage and one not so secured.

The obligation of the maker is to pay the indebtedness. The obligation of the endorsers is precisely the same. The fact that under the Negotiable Instruments Law, for example, the endorser's obligation to pay arises only after the note is dishonored, "and the necessary proceedings on dishonor be duly taken," does not alter the fact that, in the language of the statute, the endorser agrees that "he will pay the amount thereof." Section 6817, Code.

The endorser not only agrees to pay the note, but by his endorsement guarantees its genuineness and, in the respects

provided by statute, its legality. Sections 6816 and 6817, Code. In other words, the liability of the endorser arises out of the note in precisely the same sense that the liability of the maker so arises. The fact that there are mechanical and procedural differences in the assertion and enforcement of the endorsers' liability, and that there are substantive legal differences in defining the same, cannot alter the fundamental proposition that the liability of the endorser and that of the maker arise out of the same instrument. This being so and the instrument being one "secured by a mortgage of real property," it is not perceived that the position of the endorsers is different from that of the maker in respect to the application of the pertinent limitation statute.

This conclusion gains added force from a consideration of the fact that the credit extended on the note in question was not extended on the promise to pay made by the maker, or on the endorsement made by the endorsers, or on the two obligations combined. It was extended on such obligations plus the security of the real estate mortgage.

The obligation of the endorsers is inseparably intertwined with that of the makers under the provisions of the Negotiable Instruments Act.

The contention of respondents would involve the interpolation into the statute of words which are not there. The language of the statute is that the twenty-year limitation period shall apply to "an action upon a bond, or other contract in writing, secured by a mortgage of real property." Code 1932, § 387.

Respondents' contention would change this language to read: An action *against the makers*, upon a bond or other contract in writing, etc.

Careful reconsideration of the matter in the light of the lucid argument made by respondents' counsel, and of the petition for rehearing, convinces us that the opinion filed correctly disposed of the issue before the Court.

Let this order be reported with the opinion heretofore filed.

MESSRS. JUSTICES BAKER, BONHAM and FISHBURNE concur.

MR. CHIEF JUSTICE STABLER and MR. PHILIP H. STOLL, ACTING ASSOCIATE JUSTICE.

We dissent. We think a rehearing should be granted.