672 S.E.2d 784

**Elizabeth M. McCULLAR and J.W. McCullar, Respondents,**

**v.**

**The ESTATE OF Dr. William Cox CAMPBELL and Palmetto Health Alliance d/b/a Palmetto Health Baptist, of whom the Estate of Dr. William Cox Campbell is the Petitioner.**

No. 26589.

Supreme Court of South Carolina.

Heard Dec. 2, 2008.

Decided Jan. 26, 2009.

Rehearing Denied March 5, 2009.

Kay G. Crowe and J. Todd Kincannon, both of Barnes, Alford, Stork & Johnson, of Columbia, for Petitioners.

Kevin Hayne Sitnik, McGowan, Hood & Felder, of Columbia, for Respondents.

PER CURIAM:

We granted certiorari to consider a Court of Appeals decision which reversed a circuit court order dismissing this medical malpractice suit brought against the estate of a deceased doctor (Estate) for lack of subject matter jurisdiction. *McCullar v. Estate of Cox,* Op. No.2006–UP–332 (S.C. Ct.App. filed September 20, 2006). We reverse.

We agree with the Court of Appeals that there is no subject matter jurisdiction issue here, and thus both the Estate and the circuit court erred in relying on Rule 12(b)(1), SCRCP. In our opinion, however, the Court of Appeals erred in failing to exercise its discretion under Rule 220(c), SCACR, to affirm the circuit court's dismissal on another ground appearing in the record.

Subject matter jurisdiction is defined as "the power of a court to hear and determine cases of the general class to which the proceedings in question belong." *Dove v. Gold Kist, Inc.,* 314 S.C. 235, 442 S.E.2d 598 (1994) (internal citation omitted). Tort suits are within the circuit court's jurisdiction. *Sabb v. South Carolina State Univ.,* 350 S.C. 416, 567 S.E.2d

231 (2002). Here, on its face, this complaint alleges a tort and therefore is not subject to dismissal for lack of subject matter jurisdiction.

The Court of Appeals cited cases holding the capacity of parties to sue or be sued is not a question of subject matter jurisdiction. It is true that whether a party is a "real party in interest" is not a matter of subject matter jurisdiction,[1] nor is the issue of a party's capacity to sue.[2] What is at issue here, however, is not capacity, standing, or party in interest, but something much more fundamental: whether, at the time the suit was purportedly commenced, there existed a juridical entity known as "Estate of Dr. William Cox Campbell." Since it is undisputed that Dr. Campbell's Estate was closed months before this action was allegedly commenced by the then *pro se* respondents, the answer is "no."

The general rule, cited by this Court in a suit brought by a nonexistent plaintiff, is:

[I]f there is a lack of legal entity, the whole action fails. . . . If an action is brought in the name of that which under the *lex fori* has no legal entity, it is as if there was no plaintiff in the record and therefore no action before the Court . . . Although an action brought in the name of that which has no legal entity is a nullity, an action *in which a legally existing plaintiff has been misnamed* is still a true action, to which the court can give full effect, subject only to defendant's right to object at the threshold for misnomer. . . .

*Commercial & Savings Bank of Lake City v. Ward,* 146 S.C. 77, 143 S.E. 546 (1928) (*Ward*) (internal citation omitted) (emphasis in original); *see also Blackwood v. Spartanburg Commandery No. 3, Knights Templar,* 185 S.C. 56, 193 S.E. 195 (1937) *overruled in part on other grounds Scovill v. Johnson,* 190 S.C. 457, 3 S.E.2d 543 (1939,) citing the *Ward* rule with approval in a defendant misnomer case.

We reverse the decision of the Court of Appeals because an action brought against a nonexistent defendant is a nullity.

---

1. *Bardoon Props., NV v. Eidolon,* 326 S.C. 166, 485 S.E.2d 371 (1997).

2. *Chet Adams Co. v. James F. Pedersen Co.,* 307 S.C. 33, 413 S.E.2d 827 (1992).

While the Estate sought unsuccessfully to characterize this fundamental defect as a Rule 12(b), SCRCP, issue, a fair reading of the record and the circuit court's ruling is that the dismissal rests on the lack of a defendant. The Estate raised this issue promptly,[3] the defect is fatal to Respondents' suit,[4] and the action was properly ended by the circuit court.[5] Accordingly, the decision of the Court of Appeals reinstating this lawsuit is

**REVERSED.**

TOAL, C.J., WALLER, PLEICONES, BEATTY, JJ., and Acting Justice JAMES E. MOORE, concur.

---

**3.** The lawsuit was filed on December 21, 2004, and the motion to dismiss was filed January 26, 2005.

**4.** *Ward, infra.*

**5.** We hesitate to say "dismissed" as there was "no action before the Court ..." to be dismissed. *Ward, supra.*