EDITH H. RIEGEL, Plaintiff, *v.* CENTRAL HANOVER BANK AND TRUST COMPANY et al., as Surviving Trustees under an Indenture of Trust between Edith H. Spéar, as Grantor, and Central Hanover Bank and Trust Company et al., as Trustees, et al., Defendants.

First Department, July 2, 1943.

Egbert W. Doughty for plaintiff.

J. Quincy Hunsicker, III, of counsel (Rathbone, Perry, Kelley & Drye, and Norman S. Nemser, attorneys), for defendants Central Hanover Bank and Trust Company and Randolph W. Childs, as trustees, etc.

COHN, J. This is a submission of controversy pursuant to sections 546 to 548 of the Civil Practice Act.

Plaintiff, Edith H. Riegel, is the former wife of defendant Harold Spear. They were married in the city of New York on November 23, 1922. The issue of their marriage are a son and a daughter, both minors.

While married they entered into a property settlement agreement made and dated December 4, 1937. Plaintiff was then the owner of certain lands and buildings in the State of New Jersey known as "The Meadows." In the agreement it is provided that, with the consent of both parties, these premises could be sold and that in the event of sale, the net proceeds be shared seventy per cent by Edith Spear (plaintiff) and thirty per cent by Harold Spear. The contract also directs that "Any and all moneys due to Edith H. Spear, representing the net proceeds of the sale of said premises shall be paid to the Trustees under a certain Trust Indenture dated December 6th, 1937, made between Edith H. Spear, Central Hanover Bank and Trust Company, Edmund J, Fixman and Randolph W. Childs."

By the terms of paragraph 5 of the same agreement, defendant Spear " agrees to pay to Edith H. Spear the principal sum of Fifty Thousand Dollars " in annual installments of $5,000 each beginning December 6, 1942, and ending December 6, 1951, with interest at two per cent per annum payable annually. The agreement then reads: " All payments of principal and interest made pursuant to this paragraph of this agreement shall be made to the Trustees under a certain Deed of Trust dated December 6th, 1937, made between Edith H. Spear, Central Hanover Bank and Trust Company, Edmund J. Fixman and Randolph W. Childs, and such payments when made shall discharge the husband from any liability to the wife for such payments.

" From any moneys that, under the terms of this agreement are to be added to the corpus of the said trust, there shall first be deducted and made available to Edith H. Spear the amounts of any gift taxes that may be due by her by reason of such additions to the said trust."

On December 6, 1937, plaintiff and defendant Spear executed a separation agreement wherein the sole custody of the children was given to the husband. It also recited that the wife had adequate means of her own and did not desire support from her husband.

At about the same time and on December 6, 1937, plaintiff consummated a trust agreement with Central Hanover Bank and Trust Company, Edmund J. Fixman and Randolph W. Childs, whereby she created a trust of a substantial amount of property, all belonging to plaintiff. To this agreement defendant Spear was not a party. The trust indenture provided that the income of the corpus should be paid to plaintiff during her lifetime and that upon her death the principal should be divided into trusts with income payable to plaintiff's children until they attained the age of twenty-one years, whereupon the principal of each child's trust was to be paid over to such child. Plaintiff had the right to draw against principal in any year up to the amount of $14,000 in the event that the net income of the trust did not reach that sum. In addition to the usual powers of investing, the trustees were given a discretionary power upon the request of any life beneficiary to pay over to him or to her from principal sums up to $5,000, payments to any beneficiary being limited to $50,000 in the aggregate.

The trust indenture makes no mention of the property known as "The Meadows," nor does it refer in any way to the sum of $50,000 which defendant Harold Spear agreed to pay to his

wife in the property settlement agreement executed on December 4, 1937. However, provision is made for additions to the trust fund as follows: "5. Either the Grantor or any other person may transfer, assign, convey and/or deliver to the Trustees cash, securities or other property, whether real or personal, satisfactory to the Trustees and which the Trustees are willing to accept to be held upon the trusts hereby created, and upon the acceptance and receipt by the Trustees of any such property, the same shall in all respects become subject to the terms and provisions of this Indenture."

On January 31, 1938, plaintiff and defendant were divorced in the State of Nevada. Thereafter plaintiff remarried as did defendant. The two children are still living, as is plaintiff's present husband.

In October, 1941, with plaintiff's approval, a purchaser was secured for the real property known as "The Meadows." Plaintiff was unwilling to consent to the sale unless defendant Spear would join in a modification of the settlement agreement so as to provide that plaintiff should be entitled to receive directly, free of any right or rights of the trustees, and for her own use, the seventy per cent share of the net proceeds of the sale of "The Meadows" and the installments of $5,000 each, aggregating $50,000 payable by defendant Spear under that agreement. To this, defendant Spear has agreed and as evidence of this agreement has executed and delivered contemporaneously with the execution of the contract of sale of "The Meadows" a written instrument dated October 14, 1941. A more formal document was subsequently executed by the parties to the same effect on June 22, 1942.

The sum of $19,250, which represents seventy per cent of the proceeds of the sale of "The Meadows," has been paid by the purchaser of this property to defendant Central Hanover Bank and Trust Company to be held in escrow pending the adjudication of the rights of the parties thereto.

Plaintiff claims that the agreement dated June 22, 1942, effectively modifies the property settlement agreement dated December 4, 1937, and that she is entitled to said sum of $19,250, together with all payments of principal of $50,000 and interest hereafter payable free of any rights of said trustees. If this claim be denied, plaintiff asserts that she is entitled to all payments of interest hereafter received by said trustees pursuant to paragraph "5" as income of said trust. Defendant trustees controvert each of the claims.

There are two questions submitted for decision: 1. Did plaintiff and defendant, Harold Spear, have the right to alter,

modify and amend the agreement dated December 4, 1937, so as to extinguish the right or rights, if any, of the trustees thereunder; and, upon the foregoing facts, was the agreement dated December 4, 1937, effectively altered, modified and amended by the agreement dated June 22, 1942? 2. In the event that question No. 1 is answered in the negative, should the payments of interest hereafter to become due and payable pursuant to the provisions of paragraph marked " 5 " of the agreement dated December 4, 1937, when received by said trustees, be disposed of as income of the trust, and not added to the corpus thereof?

In our opinion there was no present declaration of trust of either seventy per cent of the proceeds of the real estate or of defendant Spear's obligation to pay $50,000 in installments under the property settlement. For the present creation of a trust, there must be a present unequivocal declaration of trust. (*Farmers' L. & T. Co.* v. *Winthrop*, 238 N. Y. 477.) Neither one of these items is listed in the schedule of property transferred to the trustees, nor is there any reference anywhere in the trust agreement to any present transfers of this property. " The absence of words of present assignment is emphasized when we consider with what simplicity an assignment could have been stated." (*Farmers' L. & T. Co.* v. *Winthrop, supra,* at p. 485.) There was here no executory contract to create a trust of the proceeds of the real estate or of the promise by defendant Spear to pay $50,000 to plaintiff. If it were the intention so to do, the parties could have expressly provided that either one of them would create a trust of the part of the proceeds of the sale of the real estate and of defendant Spear's contribution of $50,000. This, however, they did not do. Defendant Spear made no such promise. He merely agreed that the specified portion of the proceeds of " The Meadows " should be distributed to plaintiff. He promised to pay $50,000 not to the trustees, but to the plaintiff. Even the clause providing that payment of these sums should be made to the trustees treats the payment as an obligation running to plaintiff for it states that " such payments when made shall discharge the husband from any liability to the wife for such payments."

Moreover, plaintiff does not, in any of the written instruments, expressly or impliedly promise to make a transfer of this property in trust. Indeed, by the very terms of the trust agreement she had no absolute right to make additions to the fund. Additions to the trust were to be effective only " upon the acceptance and receipt by the Trustees."

The contention of defendants that the clauses of the property settlement agreement which provide for addition of payments to the corpus of the irrevocable trust, constitute a contract for the benefit of the promisor's infant children as remaindermen of the trust is without merit. The trustees acquired no rights as third-party beneficiaries of the settlement agreement of December 4, 1937. The law is well settled that before a third party mentioned in a contract has a right to enforce the contract in his favor it must clearly appear that the contract was made and intended for his benefit. (*Skinner Bros. Mfg. Co., Inc.,* v. *Shevlin E. Co., Inc.,* 231 App. Div. 656, 658, affd. 257 N. Y. 562; *Vrooman* v. *Turner,* 69 N. Y. 280, 283; *Simson* v. *Brown,* 68 N. Y. 355, 361.) In the *Simson* case the court, at page 361, said: " But it is not every promise made by one to another, from the performance of which a benefit may ensue to a third, which gives a right of action to such third person, he being neither privy to the contract, nor to the consideration. The contract must be made for his benefit as its object, and he must be the party intended to be benefited." The language employed in the trust agreement, the separation and property settlement agreements, shows that plaintiff and defendant Spear were thinking of themselves and that their intent was to dispose of their property for their own benefit. As there is no indication that the settlement agreement was intended for the trustees' benefit, they have no right to enforce any provision thereof. We hold that plaintiff and defendant Spear had the power to modify the provisions of this agreement in accordance with their own desires.

Judgment, without costs, is accordingly rendered to plaintiff declaring and adjudging that she is entitled to receive, free of any right or rights on the part of defendants, Central Hanover Bank and Trust Company and Randolph W. Childs, as surviving trustees — (a) from defendant, Central Hanover Bank and Trust Company, forthwith, the sum of $19,250 (without interest) now on deposit with the said defendant, Central Hanover Bank and Trust Company, referred to in said agreement dated June 22, 1942; and (b) from defendant, Harold Spear, all payments of principal and interest hereafter due and to become due and payable pursuant to the provisions of paragraph " 5 " of the agreement dated December 4, 1937, and at the time or times and in the manner provided therein.

MARTIN, P. J., TOWNLEY, UNTERMYER and CALLAHAN, JJ., concur.

Judgment unanimously directed in favor of plaintiff, without costs. Settle order on notice.