JOSEPH HARAN et al., Respondents, *v.* KARL HAND, Appellant.

First Department, September 23, 1971.

*John F. O'Connell* of counsel (*Lord, Day & Lord,* attorneys), for appellant.

*Leonard I. Schreiber* for respondents.

KUPFERMAN, J. The eight plaintiffs, together with the defendant, are the only former stockholders of Saphier, Lerner, Schindler, Inc. (hereinafter referred to as SLS). They all entered into separate similar employment contracts with Environetics, Inc., by agreements dated as of January 6, 1967, effective with the coming into being of a merger between SLS and Environetics. Environetics, Inc., was a corporate shell organized in April, 1967 as a wholly owned subsidiary of Litton Industries, Inc., to merge with SLS. The employment agreement was for 3 years and 10 days, with a further one-year negative covenant on competitive employment. The merger took place in June of 1967.

Part of the purchase price for the interests of the SLS nine stockholders was to be computed under a formula for payment of a percentage of the amount by which the book value of the assets of Environetics on February 28, 1970 exceeded the book value of SLS stock on March 1, 1966, plus an amount equal to 8% of Environetics sales of certain Litton products between July 1, 1967 and June 30, 1970. Payment would be in Litton stock, and would be divided among the nine stockholders in proportion to their original SLS shareholdings. Of a total of 4,050 shares, Saphier, Lerner and Schindler each held 1,050 shares; the other six including defendant Hand held only 150 shares each.

Shortly after the merger, SLS's counsel wrote a detailed letter to the nine stockholders outlining the merger and the employment contracts and calling to the attention of the employees a possible liability if they quit their jobs, because it might affect the purchase price and the position of their fellow employees who were the former SLS stockholders. Defendant knew of this letter and may have participated in its drafting.

Under his employment contract, the defendant was to receive $20,000, his previous salary, and to perform "such duties as Environetics shall assign in connection with such business." Defendant left his employment on March 15, 1968, when he was offered, on his request for an increase, only $25,000. He was out of work for a while (which he contends shows he gained no overall benefit), and then he found employment paying $30,000 (now $35,000) with a noncompeting organization, J. K. Lasser & Co.

The defendant had been employed by SLS for 12 years and was vice-president and controller and intimately involved in the financial aspects of the business. It is the contention of the plaintiffs that his leaving had the effect of reducing substantially the additional amounts payable under the merger agreement.

The court at Special Term denied both the motion by the defendant for summary judgment dismissing the complaint, and the motion by the plaintiffs for summary judgment and an assessment of damages. Neither Environetics (nor Litton) nor SLS is a party to this action, and it is the plaintiffs' contention that the breach of contract by the defendant gives them status as third-party beneficiaries or on the theory of unjust enrichment.

We reverse on the law, and grant summary judgment to the defendant dismissing the complaint, with costs.

There is no agreement among the nine stockholders, merely the lawyer's letter of advice on purported liability. While the plaintiffs contend that defendant will be unjustly enriched, because he will share in his percentage of the additional purchase price (albeit his share of a reduced figure, allegedly due to his leaving the company), they can point to no agreement to which they were a party requiring him to remain an employee in order so to share.

The employment agreements were for the benefit of the individual employee and/or Environetics, Inc. If the other stockholder-employees were to benefit from the employment of any other, it would only be incidental and no right was acquired under the agreements. (*Beveridge* v. *New York El. R. R. Co.*, 112 N. Y. 1, 26; *Arkin* v. *Fogarty*, 20 A D 2d 701, 702; *Snyder Plumbing & Heating Corp.* v. *Purcell*, 9 A D 2d 505, 508; *Riegel* v. *Central Hanover Bank & Trust Co.*, 266 App. Div. 586, 591.)

There is no issue of fact to be tried. The plaintiffs are not third-party beneficiaries and have no standing as such.

CAPOZZOLI, J. P., MARKEWICH, MURPHY and MCNALLY, JJ., concur.

Order, Supreme Court, New York County, entered on January 13, 1971, unanimously reversed, on the law, defendant's motion granted, and the complaint dismissed. Appellant shall recover of respondents $50 costs and disbursements of this appeal.