884 So.2d 244 (2004)
Stephen M. ZWEIBACH, M.D., Appellant,
v.
Richard GORDIMER, C.P.A., & Rivero Gordimer & CO., P.A., Appellees.
No. 2D02-4198.
District Court of Appeal of Florida, Second District.
August 11, 2004.
*245 N. Burton Williams, Tampa, for Appellant.
Stanford R. Solomon and Laura H. Howard of The Solomon Tropp Law Group, P.A., Tampa, for Appellees.
DAVIS, Judge.
Stephen M. Zweibach, M.D., challenges the trial court's amended final judgment awarding attorney's fees against him personally in favor of Richard Gordimer, C.P.A., individually, and the firm of Rivero Gordimer & Co., P.A. Zweibach argues that since he was not a party to the underlying cause of action, it was improper for the trial court to award fees against him individually. We disagree and affirm the trial court's determination that Zweibach is individually liable for fees and costs; however, we reverse and remand for a redetermination of the amount that should be awarded.
Paul R. Levine, M.D., Stephen M. Zweibach, M.D., and Mark R. Davis, M.D., P.A. ("LZD") was a professional association incorporated under the laws of Florida. Each of the three named doctors owned one hundred shares of the outstanding common voting stock in LZD. Levine and Zweibach constituted the board of directors, and Levine served as president of the corporation. Levine's wife held the position of executive director of the corporation and maintained the corporate books.
In December 1990, LZD ceased soliciting new patients and began winding up its business affairs. The corporation was administratively dissolved August 25, 1995. Thereafter, litigation arose in which LZD was named a defendant. At issue in that suit was the title to the furniture, fixtures, office equipment, medical equipment, and loans receivable that had been the property of LZD. Levine and his wife testified at trial that title to the LZD property had been transferred to Tampa Bay Obstetrics, another health care provider in which Levine was a principal, in December 1990 by a bill of sale executed by Levine as president of LZD. However, the trial court determined in that case that the transfer was ineffective as Levine had not been *246 authorized by the directors of LZD to make the transfer.
On November 26, 1997, Zweibach and Davis, holders of two-thirds of the outstanding shares of LZD common voting stock, removed Levine as a director, elected Davis as a director, and confirmed Zweibach as a director. The stockholders also authorized the officers to use reasonable efforts to regain possession of LZD's assets. The directors then named themselves corporate officers.
LZD filed an action seeking the return of the assets. On February 5, 1998, the trial court entered an order granting a temporary injunction and finding that Zweibach and Davis were the elected officers and directors of LZD and that LZD was entitled to possession of the assets. LZD then amended its complaint, naming the Levines, Richard Gordimer, C.P.A., and the firm of Rivero Gordimer & Co., P.A., as defendants. This complaint sought damages for multiple causes of action, including damages against Richard Gordimer individually and against his CPA firm (collectively "Gordimer") for breach of fiduciary duties and professional malpractice. Defendants moved to dismiss, alleging that LZD lacked standing to bring suit because it was dissolved under the laws of Florida; they also challenged the removal of Levine as a director due to procedural deficiencies. Lastly, the defendants alleged that the action was barred by the statute of limitations. Following a May 18, 1998, hearing, the trial court dismissed the complaint with prejudice, finding that LZD lacked standing to file the complaint. The trial court also found that the two counts against Gordimer were barred by the statute of limitations. The trial court ruled that if LZD appealed the dismissal and the appellate court determined that LZD did have standing to file the claims, the two counts against Gordimer should be dismissed without prejudice with leave for LZD to amend.
LZD did appeal. However, while the appeal was pending, Gordimer filed a motion with the trial court seeking attorney's fees pursuant to sections 57.105 and 772.11, Florida Statutes (1997). On January 11, 1999, the trial court entered an order finding that Gordimer was entitled to fees under section 57.105 in an amount to be determined later.
On July 2, 1999, this court issued its opinion in Paul R. Levine, M.D., Stephen M. Zweibach, M.D., Mark R. Davis, M.D., P.A. v. Levine, 734 So.2d 1191 (Fla. 2d DCA 1999), holding that LZD did have standing to file the original suit and that the removal of Levine as officer and director was proper. As to the statute of limitations issue, this court determined that
the complaint did not conclusively demonstrate the defendants' entitlement to prevail under the statute of limitations, because the alleged circumstances suggested the possibility that LZD could plead matters in avoidance of the limitations defenses. Although the dismissal on this ground was without prejudice, the court more properly should have denied the motions to dismiss, thus leaving it to the defendants to assert limitations defenses in their responsive pleadings and affording LZD an opportunity to plead facts in avoidance.
734 So.2d at 1195. As a result, this court reinstated LZD's action, save count three that did not apply to Gordimer.
Upon reinstatement, Gordimer filed its answer and affirmative defenses to the first amended complaint, again arguing that due to the statute of limitations bar, LZD had not alleged a justiciable issue as to Gordimer. LZD responded one month later by moving to amend its complaint. The attached amendment, however, only *247 supported Gordimer's affirmative defense, as it failed to allege any new facts in avoidance of the statute of limitations bar. Subsequently, on August 26, 1999, without ruling on LZD's motion to amend, the trial court granted a motion by Gordimer for judgment on the pleadings, finding that the statute of limitations barred LZD's claims. LZD appealed and this court affirmed. See Paul R. Levine, M.D., Stephen M. Zweibach, M.D., Mark R. Davis, M.D., P.A. v. Gordimer, 768 So.2d 1080 (Fla. 2d DCA 2000) (table decision).
On March 29, 2001, the trial court determined that under section 57.105, Gordimer was entitled to attorney's fees and costs from LZD.[1] The trial court subsequently found that under section 607.1421(4), Florida Statutes (1999), Gordimer also was entitled to attorney's fees against Zweibach individually. Following a hearing to determine the amount of the fees, the trial court entered an amended final judgment awarding Gordimer fees and costs against Zweibach individually. It is this judgment that Zweibach now appeals.
Initially, Zweibach argues that the trial court erred in awarding section 57.105 fees because LZD's action was not frivolous when filed. We cannot agree. Gordimer raised the statute of limitations bar in its answer and affirmative defenses to LZD's first amended complaint. At that point, it became LZD's responsibility to plead further facts or allegation in avoidance of that claim. LZD, however, could not and, in fact, moved to file an amended complaint that merely realleged, nearly verbatim, the same facts regarding Gordimer as those alleged in the first amended complaint. Because LZD was unable to plead any allegation against Gordimer that occurred within the statute of limitations period, its claims against Gordimer completely lacked a justiciable issue and were frivolous. See § 57.105(1).
Zweibach also contends that the trial court erred in awarding Gordimer fees against him individually. The determining issue as to Gordimer's entitlement against Zweibach individually is the applicability of section 607.1421(4), which provides:
A director, officer, or agent of a corporation dissolved pursuant to this section, purporting to act on behalf of the corporation, is personally liable for the debts, obligations, and liabilities of the corporation arising from such action and incurred subsequent to the corporation's administrative dissolution only if he or she has actual notice of the administrative dissolution at the time such action is taken; but such liability shall be terminated upon ratification of such action by the corporation's board of directors or shareholders subsequent to the reinstatement of the corporation....
In the instant case, LZD was administratively dissolved on August 25, 1995, and was not reinstated until November 15, 2000. The trial court found, and the record demonstrates, that Zweibach, an officer and director of the dissolved corporation, was the moving personality behind the actions taken by LZD during this period.
The record further demonstrates that Levine took possession of two-thirds of LZD's stock by securing Davis' outstanding common voting stock prior to the corporation's reinstatement. However, there is nothing in the record to suggest that once reinstated, LZD ratified the actions *248 taken by Zweibach during the period of dissolution. In fact, due to the adversarial nature of the relationship between Levine and Zweibach, such a ratification would not seem likely. Accordingly, we conclude that this statutory provision is applicable.
We also find no merit to Zweibach's argument that he could not be held individually liable for fees because he was not a named party to the lawsuit. For the purpose of assessing fees pursuant to section 57.105, the term "party" is subject to an expanded definition. "`Parties include[] not only those whose names appear upon the record, but all others who participate in the litigation by employing counsel, or by contributing towards the expenses thereof, or who, in any manner, have such control thereof as to be entitled to direct the course of [the] proceedings....'" Lage v. Blanco, 521 So.2d 299, 300 (Fla. 3d DCA 1988) (quoting Theller v. Hershey, 89 F. 575 (C.C.N.D.Cal.1898)). The record here shows that Zweibach was in "control" of the proceedings on behalf of LZD and was thus a party subject to the attorney's fee award even though he was not a named plaintiff.
Although Zweibach raises several other challenges to the trial court's determination that he is individually liable to Gordimer for attorney's fees and costs, we do not find any of them to have merit. We therefore affirm without further discussion the trial court's finding that Zweibach is personally liable.
Next Zweibach challenges the amount of the fees awarded on several grounds. First he points out that Gordimer carried an insurance policy that covered attorney's fees once Gordimer paid the $50,000 deductible. Since Gordimer's insurance carrier has indicated in writing that it will not seek repayment of the fees it has paid on Gordimer's behalf, Zweibach maintains that the amount of the fee award should be limited to actual "out-of-pocket" payments made by Gordimer. We disagree. Section 57.105 provides that the trial court "shall award a reasonable attorney's fee" upon the finding of a complete absence of a justiciable issue. Accordingly, the trial court is mandated to order the payment of attorney's fees. If the legislative intent of deterring the filing of baseless claims is to be implemented, this mandate should not be mitigated by the fact that the prevailing party has, in fact, not had to pay the fees. Wright v. Acierno, 437 So.2d 242 (Fla. 5th DCA 1983). This is true even if the award results in a windfall. Id.
Zweibach also argues that the trial court erroneously included appellate attorney's fees in the amount of its award to Gordimer. Gordimer sought appellate attorney's fees from this court during the appeal proceeding, a request that was denied by this court. We agree that it is improper for the trial court to award such fees when the appellate court has not authorized such an award. See Norland v. Vills. at Country Creek Master Ass'n, 851 So.2d 770 (Fla. 2d DCA 2003). Accordingly, we reverse as to the amount awarded and direct the trial court to delete the amount attributed to appellate attorney's fees from the award on remand.
Zweibach raises several other challenges to the amount of the fee award; because we find no merit, we affirm these issues without comment. However, we do note that section 57.105 provides that an award of attorney's fees shall be paid in equal parts by the losing party and his or her attorney unless the attorney "acted in good faith, based on the representations of his or her client." The amended final judgment being challenged here does not address this statutory provision. Furthermore, the record reveals that Zweibach did *249 not attend the final hearing, despite being subpoenaed to appear. Although Zweibach did not raise this issue below, the trial court may need to address this issue on remand.
Finally, Zweibach challenges the amount of the costs awarded. Gordimer properly concedes that the trial court erred in determining the costs as related to the testimony of its expert witness. Accordingly, we reverse the amount of costs awarded and direct the trial court to recalculate this amount on remand. We affirm Zweibach's other challenges to the costs award without discussion.
In summary, we affirm the trial court's determination that Zweibach is personally and individually liable to Gordimer for fees and costs pursuant to section 57.105. We reverse, however, the final judgment with regard to the amounts awarded and remand for recalculation of the fees and costs awarded consistent with this opinion.
Affirmed in part; reversed in part; remanded with instructions.
ALTENBERND, C.J., and SALCINES, J., Concur.
NOTES
[1] Following this court's opinion in Levine, 734 So.2d 1191, the trial court vacated its January 11, 1999, award of attorney's fees.