**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

**FILED**
**FEBRUARY 8, 2022**
**In the Office of the Clerk of Court**
**WA State Court of Appeals Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| K&W CHILDREN'S TRUST, | ) | |
| | ) | No. 38055-6-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| ESTATE OF WILLIAM FAY, and | ) | |
| Krystal J FAY, | ) | |
| | ) | |
| Respondents. | ) | |

FEARING, J. — We rule that plaintiff K&W Children's Trust never existed because an agreement to create a trust in the future does not create a trust. We also hold that, in an action wherein the court may award reasonable attorney fees against a "party," a "party" includes the moving personality behind an ersatz plaintiff. Therefore, we affirm the superior court's dismissal of this action and award of reasonable attorney fees to both defendants against Kasi Fay, the settlor of the nonexistent trust.

FACTS

This appeal concerns (1) Kasi Fay, the first wife of decedent William Fay, (2) a trust purportedly established for Kasi and William's two minor children, and (3) Kristal Fay, the wife of William at the time of his premature death and the personal representative of his intestate estate. Kasi created the trust, named the K&W Children's

No. 38055-6-III
*K&W Children's Trust v. Estate of William Fay*

Trust (children's trust), after William's death because of an unfulfilled promise by William to create the trust and place forty acres of land therein.

During their marriage, Kasi and William Fay parented two children. On July 6, 2012, Kasi and William executed a separation agreement attendant to a dissolution of marriage action. The agreement awarded William forty acres located at the corner of Wallbridge and Hattery-Owens Roads in Stevens County. The agreement further expressed:

> Wife and husband will set up a trust naming their minor children beneficiaries of said trust, which will include the 40 acres at the corner of Wallbridge and Hattery-Owen[s] awarded herein to husband and which shall also include any future and subsequent real property that in which respondent acquires ownership interest.

Clerk's Papers (CP) at 22. Neither party explains why the agreement first awarded the forty acres to William Fay instead of commanding the direct transfer of both spouse's interest in the land to a trust.

After consummation of the separation agreement, Kasi Fay transferred her interest in the forty acres to William. The parties have not shown this court the deed between Kasi and William. Kasi does not claim that she transferred the property to William in trust for the two children. Neither William nor Kasi took steps to create the contemplated trust. William divided the forty acres into four separate parcels. William married Kristal Fay, and they parented a child.

2

No. 38055-6-III
*K&W Children's Trust v. Estate of William Fay*

On March 31, 2018, William Fay died unexpectedly. He died intestate. Kristal filed a probate action, and the superior court granted her letters of administration as personal representative of the William's estate. She listed the four parcels at Wallbridge and Hattery-Owens Roads for sale.

In December 2018, the superior court appointed a guardian ad litem to represent William and Kasi Fay's two children because of their underage status. Kristal Fay thereafter sold two of the four parcels in the forty acres.

On May 1, 2019, Kasi Fay as trustor executed the K&W Fay Children's Trust. The irrevocable trust named her two children as beneficiaries and John McIntyre as trustee. According to the trust instrument, the trustor placed, in the trust, the forty acres at Wallbridge and Hattery-Owens Road:

> The original trust estate shall include certain property and gifts made to the beneficiaries, including any rights to property or proceeds therefrom intended for the beneficiarys [sic] subsequent to the separation of Kasi Fay and William Fay. Trustors/Settlers [sic] may add other property or rights to the property at their discretion.

CP at 131. Kasi had no ownership interest over the forty acres at that time.

PROCEDURE

On May 10, 2019, K&W Children's Trust filed suit against Kristal Fay and the estate of William Fay, under Washington's Trust and Estates Dispute Resolution Act (TEDRA), chapter 11.96A RCW. The children's trust alleged fraud, conversion of proceeds from fraudulent sale of trust property, conversion of proceeds from sale of

3

No. 38055-6-III
*K&W Children's Trust v. Estate of William Fay*

William Fay's separate property, tortious interference with expectancy of inheritance or gift, and breach of legal and ethical fiduciary duties by the personal representative of the estate. The complaint indicated that Kasi Fay had provided funding to the trust sufficient to commence the civil action. John Pierce, attorney for the trust, placed, under his signature on the declarations of service for the summons and complaint, the title "Attorney for Kasi Fay, Party of Interest." CP at 3, 18.

On May 23, 2019, Kristal Fay, both on her own behalf and as the personal representative of the estate of William Fay, moved to dismiss the children's trust's complaint under CR 12(b)(6). Under his signature on the declaration of service of the children's trust's response to the motion to dismiss, John Pierce listed himself as "Attorney for Kasi Fay, Party of Interest." CP at 54.

On June 25, 2019, parties to the estate of William Fay probate engaged in mediation. Kasi Fay and her counsel initially participated in the mediation, but departed early and did not sign the resulting agreement. Other parties, including William and Kasi Fay's two children through their guardian ad litem, and Kristal Fay entered a TEDRA agreement at mediation. The agreement read, in part:

> Mutual Release. In consideration of the mutual undertakings set forth in this Agreement, the Parties agree that they shall each mutually release, acquit and forever discharge each other and each of their current or former agents, employees, representatives, attorneys, successors, heirs, executors, administrators, assigns, affiliates, and successors in interest from any and all claims, demands, damages, costs, or causes of action that they may have now, known or unknown against the other. The Agreement shall

4

No. 38055-6-III
*K&W Children's Trust v. Estate of William Fay*

> not release or discharge the Parties from their performance of the terms of
> this Agreement or the Trust terms not amended herein.

CP at 66-67.

On February 5, 2020, Kasi Fay petitioned the superior court, under

RCW 11.96A.250, to appoint John Pierce as the special representative for her two

children in this pending TEDRA action. In the pleadings, Kasi referred to herself as the

petitioner. The superior court so ordered.

On February 11, 2020, the children's trust filed a motion to confirm the validity of

the trust. John Pierce listed himself as "Attorney for Kasi Fay, Party of Interest." CP at

128.

On the same day, Kristal Fay submitted a declaration and memorandum in support

of a motion for summary judgment. She only filed a motion to dismiss, however. The

memorandum in support of summary judgment argued:

> The Estate has filed a Motion to Dismiss based upon CR 12b(6)
> [sic]. Evidence other than the pleadings on file has been presented in
> support of the motion to dismiss. This effectively converts the pending
> motion into a motion for summary judgment.

CP at 98. The memorandum asked for dismissal of the children's trust's lawsuit and for

an award of reasonable attorney fees against Kasi Fay under a TEDRA statute,

RCW 11.96A.150.

Also on February 11, 2020, K&W Children's Trust moved to revoke Kristal Fay's

nonintervention powers over William Fay's estate and for an order confirming the

5

No. 38055-6-III
*K&W Children's Trust v. Estate of William Fay*

validity of the children's trust. Under the signature lines on the motions' declarations of service, attorney John Pierce listed himself as "Attorney for Kasi Fay, Party of Interest." CP at 112, 128. The children's trust subsequently filed a response to Kristal Fay's motion for summary judgment. The signature line on the declaration of service again listed Pierce as "Attorney for Kasi Fay, Party of Interest." CP at 149.

After hearing argument, the superior court granted summary judgment dismissing the action. The superior court noted that Kasi Fay could have, but failed, to establish the trust before William Fay's death. The trust currently held no property. The summary judgment order granted Kristal Fay and the estate of William Fay reasonable attorney fees and costs in an amount to be determined in a future hearing. The court later awarded fees and costs of $58,632.77 against Kasi Fay and the children's trust jointly.

LAW AND ANALYSIS

On appeal, the K&W Children's Trust asks this court to declare the trust to exist as of the time of the separation agreement. In turn, the trust requests a remedy against Kristal Fay and the estate of William Fay for the wrongful disposition of trust assets.

The children's trust also requests that this court order the superior court to revoke the nonintervention powers of Kristal Fay in the estate of William Fay. The children's trust asks this court to direct the superior court to comply with the ninety-day ruling rule under RCW 2.08.240. Finally, the children's trust seeks an award of fees and costs on

No. 38055-6-III
*K&W Children's Trust v. Estate of William Fay*

appeal.  Kasi Fay asks that we reverse the judgment against her for reasonable attorney fees since she was not a party to this suit.

In addition to resisting the rulings sought by the children's trust and Kasi Fay, defendants Kristal Fay and the estate of William Fay argue that the statute of limitations bars this suit.  Kristal and the estate deny that the trust holds standing to bring this suit.  Kristal and the estate also contend William and Kasi Fay's two children released any claims in the TEDRA mediation agreement and, since the children are the only beneficiaries of the trust, the release bars the claims asserted in this suit.  Kristal and the estate seek an award of reasonable attorney fees on appeal against Kristal Fay.

Existence of the K&W Children's Trust

We first resolve an existential question about K&W Children's Trust.  If the children's trust does not exist, then the lawsuit may not proceed because its only plaintiff does not exist.  This resolution raises at least three questions.  Does a pledge to create a trust in the future result in the trust coming into being at the time of the pledge?  Does the promise to transfer an asset to the trust in the indefinite future transfer that asset to the trust at the time of the promise?  Must a trust hold property to exist?

The children's trust contends that, whenever the trustor expresses an intent to create a trust and holds capacity to create a trust, the trust rises into existence.  According to the children's trust, no writing or form need be used to create the trust.  The logical extension of the trust's argument would be that the Kasi and William Fay created the

7

No. 38055-6-III
*K&W Children's Trust v. Estate of William Fay*

trust immediately on signing the dissolution settlement agreement. Nevertheless, the

children's trust contends that the trust arose, after the dissolution settlement agreement,

when Kasi Fay transferred her interest in the forty acres to William Fay. According to

the children's trust, William Fay by default became the trustee. The children's trust also

argues that a trust does not fail for the lack of a trustee.

Chapter 11.98 RCW governs trust formation in Washington.

> A trust may be created by:
> (1) Transfer of property to another person as trustee during the trustor's lifetime or by will or other disposition taking effect upon the trustor's death;
> (2) Declaration by the owner of property that the owner holds identifiable property as trustee; or
> (3) Exercise of a power of appointment in favor of a trustee.

RCW 11.98.008. Additionally:

> (1) A trust is created only if:
> (a) The trustor has capacity to create a trust;
> (b) The trustor indicates an intention to create the trust;
> (c) The trust has a definite beneficiary . . .
> (d) The trustee has duties to perform; and
> (e) The same person is not the sole trustee and sole beneficiary.

RCW 11.98.011.

K&W Children's Trust did not meet the formation requirements of

RCW 11.98.008. William Fay did not transfer the forty acres to a trustee. By the time

Kasi signed the trust instrument in May 2019, she no longer possessed an interest in the

land. William never declared that he held the forty acres as trustee.

8

No. 38055-6-III
*K&W Children's Trust v. Estate of William Fay*

American courts universally hold that a declaration or promise to create a trust in the future does not create a trust. Courts employ various language to express this principle. A statement of intent to transfer property in trust in the future does not create a trust and is simply a nullity. *Rouner v. Wise*, 446 S.W.3d 242, 250 n.6 (Mo. 2014). Even when the intent to create a trust is "'clear and unmistakable,'" the trust is incomplete until executed and effectuated by bringing property within the trust. *Acuity, A Mutual Insurance Co. v. Planters Bank, Inc.*, 362 F. Supp. 2d 885, 892 (W.D. Ky. 2005) (applying Kentucky law). To merely identify a future trust asset or res does not create a trust corpus. *Acuity, A Mutual Insurance Co. v. Planters Bank, Inc.*, 362 F. Supp. 2d 885, 892 (W.D. Ky. 2005) (applying Kentucky law). The mere intention to create a trust in the future is insufficient as a matter of law to create a trust. *In re Alithochrome Corp.*, 53 B.R. 906, 910-11 (Bankr. S.D.N.Y. 1985) (applying New York law); *Pizel v. Pizel*, 7 Kan. App. 2d 388, 393, 643 P.2d 1094, 1098 (1982); *Lewis v. Jackson & Squire, Inc.*, 86 F. Supp. 354, 359 (W.D. Ark. 1949) (applying Arkansas law); *In re Williams' Estate*, 349 Pa. 568, 569, 37 A.2d 584, 584 (1944); *McClendon v. Dean*, 1941-NMSC-047, 45 N.M. 496, 117 P.2d 250, 255. When the settlor promises to create a trust at some time in the future, the trust arises only at the time of the delivery of the asset into the trust. *In re Alithochrome Corp.*, 53 B.R. 906, 910-11 (Bankr. S.D.N.Y. 1985) (applying New York law). In order for the trustor to create a valid trust, he must have a present intention to do so at the time the trust is alleged to have been created. *Carpenter v. United States*, 4 Cl.

9

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38055-6-III
*K&W Children's Trust v. Estate of William Fay*

Ct. 705, 714 (1984). The intention of the settlor to presently create a declaration of trust is essential. *Kavanaugh v. Estate of Dobrowski*, 86 Ill. App. 3d 33, 39, 407 N.E.2d 856, 41 Ill. Dec. 358 (1980). The creation of a trust is a present disposition of property and not an undertaking to make a disposition in the future. *Baxter v. Jones*, 14 N.C. App. 296, 307, 188 S.E.2d 622, 628 (1972). For the present creation of a trust, there must be a present unequivocal declaration of trust. *Riegel v. Central Hanover Bank & Trust Co.*, 266 A.D. 586, 590, 42 N.Y.S.2d 657 (App. Div. 1943). The present establishment is a necessary element to the creation of a trust just as it is with the consummation of a gift. *In re Estate of Alberts*, 38 Cal. App. 2d 42, 46, 100 P.2d 538, 540 (1940).

We agree with Kasi Fay that William should have taken steps to create a trust that named their two children as beneficiaries. In turn, William should have transferred the forty acres into the trust. But Kasi also could have taken steps to create a trust and filed suit before William's death if he refused to cooperate in its creation. Also, Kasi or the two children, as third party beneficiaries to the dissolution settlement agreement, may have possessed a contract claim against William or his estate for breaching the marriage dissolution agreement. *McClendon v. Dean*, 1941-NMSC-047, 45 N.M. 496, 117 P.2d 250, 255. Finally, the children's trust has not asserted in its pleadings or briefing that Kasi and William Fay's conduct or separation agreement created a constructive or resulting trust.

10

No. 38055-6-III
*K&W Children's Trust v. Estate of William Fay*

An action brought under the name of a nonexistent entity is a nullity. *Blackwood*

*v. Spartanburg Commandery No. 3, Knights Templar*, 185 S.C. 56, 193 S.E. 195, 198

(1937), *overruled in part on other grounds by Scovill v. Johnson*, 190 S.C. 457, 3 S.E.2d

543 (1939); *Kelley v. Eidam*, 32 Wyo. 271, 231 P. 678, 681 (1924). Thus, any suit

brought by a nonexisting entity must be dismissed. Because of the dismissal of the

children's trust's suit, we do not address the many defenses of Kristal Fay and the estate

of William Fay. We also do not address Kasi Fay's request for removal of

nonintervention powers and her complaint of a late trial court ruling.

Attorney Fees

The superior court granted Kristal Fay and the estate of William Fay reasonable

attorney fees against K&W Children's Trust and Kasi Fay. The court based the award on

a TEDRA provision, RCW 11.96A.150, which declares:

> (1) Either the superior court or any court on an appeal may, in its
> discretion, order costs, including reasonable attorneys' fees, to be awarded
> to any party: (a) From any party to the proceedings; (b) from the assets of
> the estate or trust involved in the proceedings; or (c) from any nonprobate
> asset that is the subject of the proceedings.

The children's trust and Kasi Fay challenge the superior court's award to Kristal

Fay and the estate of William Fay. Since the trust does not exist, any purported judgment

against it is irrelevant. Thus, we only ask if the superior court correctly granted an award

of attorney fees against Kasi Fay.

11

No. 38055-6-III
*K&W Children's Trust v. Estate of William Fay*

Kasi Fay requests reversal of the attorney fees award for two reason. First, neither the estate of William Fay nor Kristal Fay filed a motion for an award of fees. Second, RCW 11.96A.150 only allows an award against one who is a party to the action, and Kasi was not a party.

*Need for Motion*

Kasi Fay relies on CR 7 when arguing that Kristal Fay and the estate needed to file a motion in order to recover reasonable attorney fees. CR 7 governs motions before a superior court and reads:

> An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

CR 7(b)(1). The rule does not expressly require a party to file a motion for all relief sought, let alone for an award of reasonable attorney fees. Kasi cites no law that demands a motion be filed in order to receive an award of fees.

The purpose behind CR 7(b)(1) is to give the other party notice of any relief sought. *Pamelin Industries, Inc. v. Sheen-U.S.A., Inc.*, 95 Wn.2d 398, 402, 622 P.2d 1270 (1981). Kristal Fay and the estate gave Kasi adequate notice of a request for reasonable attorney fees in their memorandum in support of a summary judgment motion. This notice came weeks before the hearing on the dismissal motion. Thus, we hold that a

12

No. 38055-6-III
*K&W Children's Trust v. Estate of William Fay*

party seeking fees need not file a formal motion separate from other pleadings in order to benefit from an award.

In *Hamilton v. Huggins*, 70 Wn. App. 842, 855 P.2d 1216 (1993), the court denied the prevailing party an award of reasonable attorney fees under the frivolous claims statute, RCW 4.84.185, because the party failed to file a formal motion. Nevertheless, RCW 4.84.185 reads that the "determination [of an award] shall be made upon motion by the prevailing party." This appeal's controlling statute, RCW 11.96A.150, requires no motion. Absent a statute, the party seeking fees need not file a formal motion. *Boomershine v. Lifetime Capital, Inc.*, 182 Ohio App. 3d 495, 2009-Ohio-2736, 913 N.E.2d 520, 522; *In re the Marriage of Johnson v. Johnson*, 199 Wis. 2d 367, 377, 545 N.W.2d 239, 243 (Ct. App. 1996); *National Bank of Alaska v. J.B.L. & K. of Alaska, Inc.*, 546 P.2d 579, 591 (Alaska 1976); *Urban Development Co. v. Dekreon*, 526 P.2d 325, 329 (Alaska 1974).

### *Party to the Proceedings*

To repeat, RCW 11.96A.150(1) declares in part:

> (1) Either the superior court or any court on an appeal may, in its discretion, order costs, including reasonable attorneys' fees, to be awarded to any party: (a) *From any party to the proceedings*; (b) from the assets of the estate or trust involved in the proceedings; or (c) from any nonprobate asset that is the subject of the proceedings.

(Emphasis added.) Kasi Fay contends the award against her must be reversed because she was not a party to the proceeding.

13

No. 38055-6-III
*K&W Children's Trust v. Estate of William Fay*

We recognize the general rule that a court may not award attorney fees against a non-party to the underlying action. *Interest of Z.O.M.*, 613 S.W.3d 638, 642-43 (Tex. Ct. App. 2020). But unique circumstances come before this court. The losing plaintiff does not exist. Kasi Fay created the nonexistent plaintiff as purported settlor of the children's trust. The record shows Kasi Fay to be the force and funder behind this suit. The nonexistent children's trust's attorney often signed declarations of service as "Attorney for Kasi Fay, Party in Interest." Most importantly, Kasi Fay filed a petition for John Pierce to become special representatives of the children. She thus inserted herself as a party in addition to being the moving force behind the fictional children's trust.

When a person not a party of record has been the "moving party," although she lacks standing, she renders herself liable for the costs which she has caused to be incurred. *Schor v. Becker*, 437 Pa. 409, 263 A.2d 324, 326 n.5 (1970). Parties in interest who sue or defend in the names of others should be adjudged to pay costs. *Waring v. Barret*, 2 Cow. 460 (N.Y. Sup. Ct. 1824).

We deem *Zweibach v. Gordimer*, 884 So.2d 244 (Fla. Dist. Ct. App. 2004) illustrative. LZD, a dissolved corporation, filed suit against Richard Gordimer. The court dismissed the suit because a dissolved corporation lacks standing to sue. The court then granted reasonable attorney fees to Gordimer against Stephen Zweibach. The appellate court affirmed the award despite Zweibach not being named as a party to

14

No. 38055-6-III
*K&W Children's Trust v. Estate of William Fay*

action. The trial court found that Zweibach was "the moving personality" behind the action taken by LZD. 884 So.2d at 247.

*Attorney Fees on Appeal*

Kristal Fay and the estate of William Fay seek attorney fees and costs on appeal pursuant to RCW 11.96A.150. The statute permits an award on appeal. Because of our ruling in favor of Kristal and the estate, we grant them reasonable attorney fees incurred on appeal against Kasi Fay.

CONCLUSIONS

We affirm the superior court's dismissal of the lawsuit brought by the nonexistent trust, the K&W Children's Trust. We also affirm the superior court's grant of fees and costs against Kasi Fay. We award the estate of William Fay and Kristal Fay reasonable attorney fees on appeal also against Kasi Fay.

_____
Fearing, J.

WE CONCUR:

_____
Siddoway, A.C.J.

_____
Staab, J.

15